A90A0792. ALLEN v. WOMETCO CABLE TV OF CLAYTON COUNTY, INC.

(400 SE2d 362)

Pope, Judge.

Appellant/plaintiff Richard F. Allen appeals the entry of judgment notwithstanding the verdict in favor of appellee/defendant Wometco Cable TV of Clayton County, Inc. (Wometco) in this malicious prosecution action. The record shows that Allen rented a downstairs apartment at the Chateau Forest Apartments from April 1986 through September 1986. Allen, an executive with the Federal Aviation Administration, had transferred to Atlanta and was in the process of moving his family from Tampa to Atlanta. He stayed at the apartment as he looked for a house to purchase.

In late August 1986, Bret Bergsten, a service technician for Wometco, installed a "jump-out" cable just outside the apartment occupied by Allen. A "jump-out" cable is a temporary cable that lies above ground and replaces a defective underground cable until repairs can be made to the underground cable. On September 5, 1986, Bergsten was again at the Chateau Forest apartments; he noticed other Wometco employees in the area where he installed the "jump-out" cable earlier. Wometco employees Bob Matthews and Robert Lassiter showed him a "splitter" device made by Archer and sold by Radio Shack spliced into the "jump-out" cable. Bergsten testified he had not installed such a device on the "jump-out" cable the week before and that Wometco did not use equipment made by Archer or sold by Radio Shack.

Matthews testified he discovered the "splitter" as he investigated a poor signal complaint registered by a Wometco subscriber. He followed the wire leading from the Wometco cable and found that it entered the wall of Allen's apartment through a hole drilled into the brick. Matthews cut the "splitter" and placed a fitting on the wire leading from the outside wall of Allen's apartment, tested the wire and determined that the wire was receiving a Wometco signal. Matthews then checked with Wometco's office and learned that no one at Allen's address was a legal subscriber of Wometco's cable service. Matthews knocked on the door of the apartment and got no answer. He then worked through the bushes next to the wall under the window and peered into Allen's apartment and tugged on the wire leading into the hole. Inside, he could see the wire move along the wall as he pulled on the wire outside the apartment. He could see a television set about four feet from the point in the wall he estimated the wire entered the apartment.

Lassiter joined Matthews at the scene. Both men knocked on the apartment door and got no answer. They contacted the Riverdale police and Sergeant Glover responded. The three of them contacted the

resident manager and determined that Allen was the lessee of the apartment. The manager denied their request to enter the apartment. On the basis of these facts, Lassiter applied on behalf of Wometco for an arrest warrant for theft of services against Allen. It was granted and Allen was arrested, taken to jail and booked. He posted bond and later a magistrate dismissed the case against Allen.

Allen testified he had tried to hook his television to one wall outlet in the apartment, but got no signal. He then hooked the television to another wall outlet and got a picture. He testified that the television was on the wall opposite the location Matthews said he saw it. Allen denied that any cable came through the wall of his apartment. However, he never looked to see if any cable led from outside into the wall of his apartment. *Held*:

We affirm. "As with a directed verdict, a motion for judgment notwithstanding the verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. In applying this standard, the appellate court must view the evidence in a light most favorable to the party securing the jury's verdict." (Punctuation and citations omitted.) *Gordon v. Frost*, 193 Ga. App. 517, 518 (1) (388 SE2d 362) (1989).

Lack of probable cause to prosecute is the essential element of an action for malicious prosecution. See *Day Realty Assoc. v. McMillan*, 247 Ga. 561 (277 SE2d 663) (1981). "Plaintiff has a particularly heavy burden in malicious prosecution cases because of the countervailing public interest in encouraging the citizen to discharge his duty to society to vindicate violations of law. The courts have always distrusted malicious prosecution actions, and have retained a strong hand over them. For this reason the existence of probable cause, which involves only the conduct of a reasonable man under the circumstances, and does not differ essentially from the determination of negligence, usually is taken out of the hands of the jury, and held to be a matter for decision by the court." (Punctuation and citations omitted.) *K Mart Corp. v. Griffin*, 189 Ga. App. 225, 226 (375 SE2d 257) (1988). "What facts and circumstances amount to probable cause is a pure question of law. Thus, although lack of probable cause shall be a question for the jury, under the direction of the court, OCGA § 51-7-43, this is not without qualification. For if the material facts are essentially undisputed, whether or not probable cause existed is for determination by the court." (Punctuation and citations omitted.) Id. at 226-227.

The material facts in this case are essentially undisputed. Employees of Wometco found a device attached to one of the company's cables that intercepted its signal and diverted it through a wire into the apartment belonging to Allen. The employees followed the wire from the point of intercept into a hole through the exterior wall of

Allen's apartment. An employee observed the wire inside the apartment move when he pulled on the wire outside the apartment. An electronic test on the wire outside showed that a signal from Wometco was being received inside. Although there is some dispute about whether the drapes of the apartment were open or closed, Matthews, the service technician for Wometco, was unequivocal in stating that he looked into the apartment. Matthews, Lassiter, Bergsten and Glover all testified that the wire attached to Wometco's cable led into the wall of Allen's apartment. Wometco employees asked that the apartment manager allow them to go into the apartment to investigate, but the request was refused. As noted by the trial court, Allen testified he never bothered to look after his arrest to see if a cable was entering the exterior wall of his apartment. Under these facts, we hold Wometco had probable cause to believe its cable service was being wrongfully appropriated by Allen. The trial court did not err in granting judgment notwithstanding the verdict. In light of our holding, we need not reach Allen's remaining enumeration of error regarding prejudgment interest.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 3, 1990 —
REHEARING DENIED DECEMBER 18, 1990 —

*Albert B. Wallace, Carl. A. Adcock,* for appellant.
*Chambers, Mabry, McClelland & Brooks, Arthur L. Myers, Jr.,* for appellee.