37142. DAY REALTY ASSOCIATES, INC. v. McMILLAN.

UNDERCOFLER, Justice.

We granted cert. in this case to answer the question: "Is a jury question presented in an action for malicious prosecution where the defendant obtains an arrest warrant for theft by taking of several items and the evidence, as a matter of law, supports a finding of probable cause for some items, but not for all of them?" We answer in the negative and reverse that part of the Court of Appeals opinion which holds otherwise. *McMillan v. Day Realty Associates,* 156 Ga. App. 660 (275 SE2d 352) (1980).

The applicable law and facts are amply and correctly set out in the Court of Appeals' opinion. We reiterate here only that McMillan, a seventeen-year-old hired for the summer as a yardman at Day's apartment complex, was arrested and indicted for the theft by taking of three items from the complex on the day he was fired. The case was later nolle prossed. The trial court directed a verdict for Day in McMillan's later suit for malicious prosecution on the ground that McMillan did not show lack of probable cause to prosecute, which is

---

the gravamen of this tort. E.g.: *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205 (163 SE2d 256) (1968).

The Court of Appeals reversed as to the lawn mower, which at all times remained on the apartment complex's grounds, but assumed arguendo that the finding of probable cause was correct as to the swing blade and weed eater which were found at the boy's home. We hold that as long as there was probable cause to prosecute for the theft of some of the items, Day cannot be liable in tort for malicious prosecution.

This conclusion is in keeping with the policy of the courts that malicious prosecution suits are not favored. It is public policy to encourage citizens to bring to justice those who are apparently guilty. *Price v. Cobb,* 63 Ga. App. 694 (11 SE2d 822) (1940). "The courts have always distrusted malicious prosecution actions, and have retained a strong hand over them. For this reason the existence of probable cause, which involves only the conduct of a reasonable man under the circumstances, and does not differ essentially from the determination of negligence, usually is taken out of the hands of the jury, and held to be a matter for decision by the court." Prosser, Law of Torts § 119 at pp. 846-47 (4th Ed., 1971). The Court of Appeals has assumed arguendo that there was probable cause to prosecute for the theft of the swing blade and weed eater. We do not relitigate that question here. Compare *Auld v. Colonial Stores,* 76 Ga. App. 329 (45 SE2d 827) (1947) with *Tanner-Brice Co. v. Barrs,* 55 Ga. App. 453 (190 SE 676) (1937). We hold merely that the lack of probable cause as to the lawn mower in the same charge does not give rise to a cause of action for malicious prosecution.

Since the Court of Appeals has not directly decided whether there was probable cause to prosecute for the swing blade and weedeater, we remand for further proceedings not inconsistent with this opinion.

*Judgment reversed, vacated and remanded. All the Justices concur.*

DECIDED MAY 6, 1981.

*William S. Goodman, Scott E. Tinnon,* for appellant.
*Louis F. McDonald,* for appellee.