43978. MONROE et al. v. SIGLER et al.
(353 SE2d 23)

MARSHALL, Chief Justice.

Sigler brought suit against the Monroes for malicious prosecution. The trial court denied the Monroes' motion for summary judgment. The Court of Appeals granted their interlocutory appeal, then dismissed it as improvidently granted. We granted certiorari to consider whether a judicial determination of probable cause made in the course of a criminal prosecution can establish, as a matter of law and for purposes of summary judgment, the existence of probable cause in a civil action for malicious prosecution.

1. "The overriding question in actions for malicious prosecution

is not whether the plaintiff was guilty, but whether the defendant had reasonable cause to so believe — whether the circumstances were such as to create in the mind a reasonable belief that there was probable cause for the prosecution. . . . This burden is not carried in any reasonable sense unless the plaintiff [Sigler] shows that under the facts as they appeared to the prosecutor at the time of the prosecution, that the defendant [the Monroes] could have had no reasonable grounds for believing the plaintiff to be guilty of the charge brought." *Fisher v. Kentucky Fried Chicken*, 175 Ga. App. 542, 545 (333 SE2d 877) (1985). "Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." OCGA § 51-7-43.

2. At an ex-parte hearing, Monroe related the events of the occurrence to a magistrate. The magistrate issued a warrant for Sigler's arrest, finding that probable cause existed to charge Sigler with the crime of simple battery. A second magistrate held a preliminary hearing six days later, at which Sigler appeared and gave testimony. This magistrate bound Sigler over for trial, also finding that probable cause existed for the issuance of the arrest warrant.

3. The judicial determinations of the magistrates were based on probable cause. Each found the existence of that factum, the absence of which is an essential element of an action for malicious prosecution. "The action of a magistrate in binding over the accused on a criminal warrant is prima facie, but not conclusive, evidence of probable cause for such prosecution." *Darnell v. Shirley*, 31 Ga. App. 764 (7) (122 SE 252) (1924). See also *Coxon v. Lady Jane Shop*, 169 Ga. App. 959 (1) (315 SE2d 681) (1984).

While some jurisdictions have held such commitment to be conclusive evidence of probable cause,[1] we are reluctant so to hold, as a preliminary hearing is substantially less formal than a trial, and the accused often are not represented by counsel (in this case Sigler was unrepresented).

4. At trial, Sigler's counsel moved for a directed verdict of acquittal at the close of the state's case. Having heard all the evidence that the solicitor had to present, the trial court was called upon to examine the sufficiency of the evidence to sustain a conviction. In denying the motion, the court found the evidence sufficient to authorize a

---

[1] See, e.g., *Burns v. GCC Beverages, Inc*, Case No. 66999, Supreme Court of Florida, decided December 24, 1986, in which that court reaffirmed an earlier holding that a magistrate's finding of probable cause constitutes a conclusive presumption of the existence of probable cause in a subsequent malicious-prosecution action (absent fraud or other corrupt means employed to obtain the warrant) if the defendant had the opportunity to be heard on the issue of probable cause.

jury to determine guilt beyond a reasonable doubt. That quantum of evidence is substantially greater than mere probable cause.

Such being the case, does the trial court's denial of a motion for a directed verdict of acquittal constitute a binding determination of the existence of probable cause? We answer in the affirmative.

5. A criminal defendant is precluded from bringing a subsequent action of malicious prosecution unless the prosecution has terminated in his favor. *Ayala v. Sherrer*, 234 Ga. 112 (214 SE2d 548) (1975). Conviction by a jury is conclusive of probable cause, if the conviction is not procured by fraud. See *Davis v. Gilbert*, 67 Ga. App. 277 (19 SE2d 920) (1942). A finding of guilt beyond a reasonable doubt is of logical necessity contrary to an hypothesis of lack of probable cause.

6. The standard employed in the trial judge's ruling on a motion for judgment of acquittal is thrice removed, it might be said, from probable cause — as "beyond a reasonable doubt" is more than "clear and convincing evidence," which is more than "preponderance of the evidence," which, in turn, is more than mere "probable cause."

When the trial judge, having heard all of the state's evidence, considers a motion on behalf of an accused (the accused being present and given an opportunity to be heard in support of the motion); and when the trial judge rules that the evidence is sufficient *as a matter of law* to support a conviction (that is, is sufficient to enable a rational trier of fact to find each and every element of the guilt of the accused beyond a reasonable doubt), we can see no reason why such a holding — unreversed and in the absence of fraud or corruption — should not suffice as to the existence of probable cause. Compare the doctrine of collateral estoppel, *Usher v. Johnson*, 157 Ga. App. 420 (278 SE2d 70) (1981).[2]

7. Because the circumstances of this case come squarely within the considerations of the preceding Division, the existence of probable cause has been established, during the trial of the criminal case, in such manner as to preclude Sigler's action for malicious prosecution.

8. As we stated in *Day Realty Assoc. v. McMillan*, 247 Ga. 561, 562 (277 SE2d 663) (1981): It is "the policy of the courts that malicious[-]prosecution suits are not favored. It is public policy to encourage citizens to bring to justice those who are apparently guilty." Citizens have a duty to report crimes. Disputes concerning that duty

---

[2] Collateral estoppel, or estoppel by judgment, requires previous litigation between the same parties based on a different cause of action. "[T]here is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. . . . [I]n order for the former decision to be conclusive, it must have been based . . . at least in part on the merits where under the pleadings they were or could have been involved." 157 Ga. App. at 421-422.

should be handled within the legal system, and not by extralegal means. We do not encourage the reporting of crimes when a criminal victim easily, and at great hazard, can become a civil defendant.

The motion for summary judgment should have been granted.

*Judgment reversed. All the Justices concur, except Smith and Gregory, JJ., who dissent, and Bell, J., who concurs in the judgment only.*

DECIDED FEBRUARY 17, 1987 —
RECONSIDERATION DENIED MARCH 11, 1987.

*Nall, Miller, Owens, Hocutt & Howard, Robert N. Dokson, George R. Neuhauser,* for appellants.

*Bennett, Williams & Henry, Benjamin S. Williams,* for appellees.