A89A0869. ABU-KHDEIR v. T. J. MAXX, INC.
(382 SE2d 216)

McMURRAY, Presiding Judge.

Relying upon *Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23), the trial court granted defendant's motion for summary judgment in this malicious prosecution case upon a showing that, in the underlying criminal action, plaintiff's motions for a directed verdict of acquittal were denied. Plaintiff appeals. *Held*:

Recognizing the apparent applicability of *Monroe v. Sigler*, supra, plaintiff urges us to find that it should be applied prospectively only. In this regard, she points out she was tried in the criminal action long before *Monroe v. Sigler* was decided and asserts she would not have moved for a directed verdict of acquittal had she known that *Monroe v. Sigler* was the law. Completing the argument, plaintiff contends that *Monroe v. Sigler* is an "ex post facto" ruling which "changed the rules in the middle of the game" in violation of her due process rights. We disagree.

First, we note that "ex post facto" terminology is to be applied with respect to criminal statutes, not civil decisions. *Goolsby v. Re-*

*gents of the Univ. System*, 141 Ga. App. 605, 608 (2) (234 SE2d 165). Thus, the true question raised by plaintiff is not whether *Monroe v. Sigler* is an "ex post facto" decision but whether it is to be applied retroactively or prospectively only.

Ordinarily, case law is to be applied retroactively. *Dehco, Inc. v. State Hwy. Dept.*, 147 Ga. App. 476, 477 (249 SE2d 282). But a case can be applied prospectively. In determining whether a case should be applied prospectively or retroactively, a court should make a tripartite examination: "(1) Consider whether the decision to be applied nonretroactively established a new principle of law, either by overruling past precedent on which litigants relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. (2) Balance of the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation would further or retard its operation. (3) Weigh the inequity imposed by retroactive application, for, if a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the injustice or hardship by a holding of nonretroactivity." *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 712 (3) (300 SE2d 673).

Examining these guidelines, we think it is clear that *Monroe v. Sigler* is to be applied retroactively. First, *Monroe v. Sigler* did not overrule past precedent upon which plaintiff relied and, although the decision may not have been clearly foreshadowed, it followed the trend of not favoring malicious prosecution suits. See, e.g., *Day Realty Assoc. v. McMillan*, 247 Ga. 561 (277 SE2d 663). Second, the decision furthered the previously announced purpose of encouraging citizens to report crimes. However, the decision pointed out "[w]e do not encourage the reporting of crimes when a criminal victim easily, and at great hazard, can become a civil defendant." See *Monroe v. Sigler*, supra at 761 (8) 762. Finally, plaintiff cannot be said to have been harmed by a retroactive application of the rule. (Certainly, she is no more harmed than was the plaintiff in *Monroe v. Sigler*. After all, that case had not been decided when that plaintiff moved for a directed verdict of acquittal in the underlying criminal matter either.) We are not persuaded by the suggestion that a criminal defendant would have foregone a meritorious motion for acquittal and risked an unfavorable jury verdict simply in order to maintain a malicious prosecution action.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MAY 10, 1989.

*Rees R. Smith*, for appellant.

*Daniel MacDougald III*, for appellee.