## A96A0107. REMENESKI v. KLINAKIS.
(473 SE2d 223)

BIRDSONG, Presiding Judge.

Following our grant of an interlocutory appeal, Victor J. Remeneski appeals the trial court's partial denial of his motion for summary judgment on Anthony S. Klinakis's claim for malicious prosecution. Remeneski contends summary judgment should have been granted on all of Klinakis's claims against him because both charges against Klinakis arose from a single incident and the trial court denied Klinakis's motion for a directed verdict of acquittal on one of the charges arising from that incident.

The record shows that Remeneski and Klinakis had different interest in a union matter when there was a confrontation. According to Remeneski, Klinakis stood in front of him screaming and yelling at him. Remeneski states that Klinakis called him "a f—king scumbag, and a scumbucket, and a f—king a—hole numerous times," and while Klinakis shouted these epithets he was close to Remeneski's face, he was red in the face and his body shook all over, and he put his finger close to and shook it in Remeneski's face. Remeneski also states that he thought Klinakis was going to hit him and he prepared himself to receive a punch. Although at the probable cause hearing, Remeneski testified he thought he would punch Klinakis, two years later at the trial of the case, Remeneski repeated the substance of his testimony about the incident, but recanted his testimony that he thought he might hit Klinakis. Remeneski testified at the trial that he could remember feeling scared. The record also shows that Klinakis produced witnesses who stated that he did not call Remeneski the names Remeneski contends he did, but that Klinakis merely called Remeneski a scumbag and a Polack scumbag.

Remeneski testified that the day after the incident, he was approached by a co-worker who encouraged Remeneski to report the incident to local authorities. The next day, Remeneski visited a magistrate who, after listening to Remeneski's version of the events, told him that based upon what Remeneski related, Klinakis's conduct violated the Georgia statute on fighting words and told Remeneski that he could fill out an application for an arrest warrant. Remeneski did so, and later he and another person who witnessed the incident testified before another magistrate at a hearing to determine whether a warrant should issue against Klinakis for violating the fighting words statute (OCGA § 16-11-39). Klinakis was present at the hearing with counsel, but did not testify. After the hearing, an arrest warrant issued charging Klinakis with fighting words, and subsequently the county solicitor's office added a count, based upon the same incident, charging Klinakis with simple assault (OCGA § 16-5-20).

Initially, Klinakis filed a plea in abatement to the fighting words

charge asserting that federal labor law had preempted the area and also filed a demurrer to the simple assault charge asserting the charge was moot. Finding that the fighting words charge was pre-empted by jurisdiction of the National Labor Board, the trial court granted Klinakis's plea in abatement to the fighting words charge and dismissed the simple assault charge as moot because the court found the same conduct was complained of in both counts. This Court reversed that decision because we found that federal law did not pre-empt state law in these circumstances and because we found the counts alleged separate violations: one violation based on uttering fighting words and the other based on certain physical conduct. See *State v. Klinakis*, 206 Ga. App. 318 (425 SE2d 665).

The case finally came to trial about two years after the incident giving rise to the charges. Following presentation of the prosecution's case, Klinakis moved for a directed verdict of acquittal on both charges. Although the motion was granted on the fighting words charge, the motion was denied on the simple assault charge; the case went to the jury; and a not guilty verdict was returned.

Thereafter, Klinakis filed a complaint against Remeneski and Remeneski's union, the Aircraft Mechanics Fraternal Association, seeking damages for malicious prosecution (OCGA § 51-7-40) and false arrest (OCGA § 51-7-1). After filing an answer denying liability, Remeneski moved for summary judgment asserting that the denial of Klinakis's motion for a directed verdict on the simple assault charge and the magistrate's decision to bind Klinakis over for trial, as a matter of law, precluded a lack of probable cause for bringing the prosecution, and the fact that the charges were prosecuted barred Klinakis's claim for wrongful arrest. The trial court granted summary judgment on the simple assault charge and the wrongful arrest charge for those reasons, but denied the motion on the fighting words charge because the motion for directed verdict was granted on that charge.

On appeal, Remeneski contends the lower court erred by denying his motion because both charges arose from the same incident and, therefore, the denial of the motion for a directed verdict on the one charge established that there was probable cause to bring the prosecution for both charges. He also alleges the trial court erred by not finding that the magistrate's decision to bind Klinakis over for trial precluded a determination that there was no probable cause for bringing the fighting words charge. The Aircraft Mechanics Fraternal Association did not join in Remeneski's motion below and is not a party to the appeal. *Held*:

1. "The overriding question in actions for malicious prosecution is not whether the plaintiff was guilty, but whether the defendant had reasonable cause to so believe — whether the circumstances

were such as to create in the mind a reasonable belief that there was probable cause for the prosecution. This burden is not carried in any reasonable sense unless the plaintiff [Klinakis] shows that under the facts as they appeared to the prosecutor at the time of the prosecution, that the defendant [Remeneski] could have had no reasonable grounds for believing the plaintiff to be guilty of the charge brought." (Citation and punctuation omitted.) *Monroe v. Sigler*, 256 Ga. 759, 760 (353 SE2d 23). The denial of a motion for a directed verdict of acquittal constitutes a binding determination of the existence of probable cause. Id. at 761. Further, "[t]he gravamen of the complaint is the absence of probable cause on the part of the person instituting the prosecution. Probable cause is absent when the circumstances are such as to satisfy a reasonable person that the accuser had no ground for proceeding but his desire to injure the accused." (Citation and punctuation omitted.) *Wal-Mart Stores v. Blackford*, 264 Ga. 612, 613 (449 SE2d 293).

Remeneski asks us to hold that, because the trial court made a binding determination there was probable cause to bring the simple assault charge, this determination should also apply to the fighting words charge because both charges were based upon the same incident. Indeed, there is no dispute that the two charges arose from the same confrontation between Klinakis and Remeneski; the charges arose from Klinakis's actions occurring at the same time and at the same place. The only difference is that one charge is based on Klinakis's words and the other on his conduct. The issue thus presented is whether the trial court's binding determination there was probable cause for prosecuting the charge based upon Klinakis's physical conduct also constitutes a binding determination there was probable cause for prosecuting the charge based upon his utterances.

Our Supreme Court considered a similar issue in *Day Realty Assoc. v. McMillan*, 247 Ga. 561 (277 SE2d 663). The facts are set out in this Court's opinion, *McMillan v. Day Realty Assoc.*, 156 Ga. App. 660 (275 SE2d 352). Shortly after McMillan was terminated from his employment as a yard worker at Day Realty's apartment complex, a lawn mower, a weed cutter, and a swing blade were found missing. The weed cutter and the swing blade were seen later at McMillan's home. After McMillan was charged with the theft of the lawn mower, the weed cutter, and the swing blade, McMillan showed the complex's manager where he left the lawn mower on the apartment grounds, some distance from where the mower was usually stored.

After the case against McMillan was nolle prossed, he sued Day Realty for malicious prosecution, but the case resulted in a directed verdict for Day Realty. Upon McMillan's appeal to this Court, we reversed because we found that under the circumstances, there was a serious question whether a reasonably prudent person would have

believed there was any basis to find McMillan guilty of the theft of the lawn mower. *McMillan*, 156 Ga. App. at 663.

After granting certiorari to consider whether a jury issue is "presented in an action for malicious prosecution where the defendant obtains an arrest warrant for theft by taking of several items and the evidence, as a matter of law, supports a finding of probable cause for some items, but not for all of them" (*Day Realty*, 247 Ga. 561), our Supreme Court held that a jury question was not presented under those facts. The Supreme Court held that "as long as there was probable cause to prosecute for the theft of some of the items, Day cannot be liable in tort for malicious prosecution." Id. at 562.

Although the court below found as a controlling factor that in *Day Realty* the items alleged to have been stolen were set out in one charge, we do not find that significant. The issue should not be whether the offenses were alleged in one charge, but whether there was probable cause for the criminal prosecution. Here, the facts present a stronger case for extending a finding of probable cause to both charges than those in *Day Realty* for extending probable cause from the theft of one item to another because there was no showing of any connection between the items stolen. Nothing in *Day Realty* suggests that the thefts arose from a single event or transaction or were otherwise related except for the same perpetrator and victim. Nevertheless, our Supreme Court held that the existence of probable cause for initiating the prosecution extended to all the items alleged to have been stolen. In this case, however, not only were the perpetrator and victim the same, but the charges arose from a single incident that occurred at the same time and place. In this regard, we note that the trial court originally dismissed the simple assault charge as moot because the same conduct was complained of in both charges.

Consequently, we reject the contention that our Supreme Court intended to limit the holding in *Day Realty* only to instances in which the criminal allegations are contained in the same charge. Instead, we find it consistent with the holding in *Day Realty* that a finding of probable cause as to one related offense arising from the same transaction is a binding determination that there was probable cause for all related charges arising from the same transaction or occurrence. This is particularly true in this case in which the solicitor's office independently reviewed the file and, sua sponte, found that Klinakis's action warranted a prosecution for simple assault.

Of course, as the dissent states, it is a serious matter to charge another with a crime. Nothing in this opinion states otherwise. It is also a serious matter to be the defendant in a malicious prosecution action because one, after seeking and following the advice of a magistrate, selects the wrong legal theory under which to bring a charge, even though another magistrate considered the evidence and found

probable cause to issue a warrant on that charge. It is also a serious matter to be the defendant in one of these actions after the solicitor's office considers the incident and determines that the incident warrants a criminal prosecution, albeit under a different legal theory.

Life should not be a law school examination in which one becomes a defendant in one of these actions because he picks the wrong theory under which to bring a charge even though the same evidence supported a binding determination that probable cause exists to prosecute a criminal charge under another legal theory. What would be the purpose of such a result? It is the absence of probable cause for instituting the prosecution that is the gravamen of these complaints. See *Wal-Mart Stores v. Blackford*, supra at 613; *K-Mart Corp. v. Coker*, 261 Ga. 745 (410 SE2d 425); *Monroe v. Sigler*, supra at 759.

Thus, when there is a binding determination of the existence of probable cause for one related charge arising from the same transaction (*Monroe v. Sigler*, supra at 761), it cannot be said that the person bringing the charges had no ground for proceeding except a desire to injure the accused. See OCGA § 51-7-43. Therefore, when the court trying the criminal case determines that there is sufficient evidence for one of related criminal charges arising from the same transaction to go to the jury, that is sufficient to show the existence of reasonable grounds for prosecuting other charges reasonably arising from the same transaction.

By this, however, we do not mean merely that the charges arise at the same place and general time. For application of this rule, there must be more than just a sequential relationship between the charges. Instead, the charges must be based on the same course of conduct with a reasonable relationship between them.

"Our ruling comports with the policy of the courts that malicious prosecution suits are disfavored and citizens are encouraged to bring to justice those who are apparently guilty." (Citation and punctuation omitted.) *Wal-Mart Stores v. Blackford*, 264 Ga. at 614. "As [the Supreme Court] stated in *Day Realty Assoc. v. McMillan*, [supra at 562]: It is the policy of the courts that malicious-prosecution suits are not favored. It is public policy to encourage citizens to bring to justice those who are apparently guilty. Citizens have a duty to report crimes. Disputes concerning that duty should be handled within the legal system, and not by extralegal means. We do not encourage the reporting of crimes when a criminal victim easily, and at great hazard, can become a civil defendant." (Punctuation omitted.) *Monroe v. Sigler*, supra at 761-762.

We do not find persuasive the cases from other jurisdictions cited in the dissent on this issue. In those cases the charges did not all originate from the same transaction, and the results are inconsistent

with the law of this State as we perceive it to be announced in *Wal-Mart Stores v. Blackford*, supra; *Monroe v. Sigler*, supra; and *Day Realty Assoc. v. McMillan*, supra.

Therefore, the trial court erred by denying Remeneski's motion for summary judgment.

2. In view of our disposition in Division 1, we need not address Remeneski's other enumerations of error.

Accordingly, the denial of Remeneski's motion is reversed, and the trial court is directed to enter summary judgment in favor of Remeneski.

*Judgment reversed with direction. Pope, P. J., Andrews, Johnson, Blackburn and Ruffin, JJ., concur. Beasley, C. J., McMurray, P. J., and Smith, J., dissent.*

BEASLEY, Chief Judge, dissenting.

I respectfully dissent because the trial court was correct in denying summary judgment to defendant Remeneski on the fighting words charge. This was the only charge prosecuted by Remeneski, and it suffered a directed verdict because the evidence could not support a verdict. It was the solicitor who added a simple assault charge, which the jury rejected.

Remeneski contended that the fighting words charge was closely related to the simple assault charge so that the denial of a directed verdict on the simple assault charge in the preceding criminal trial constituted a binding determination of the existence of probable cause on the fighting words charge. It is true that a denial of directed verdict on a criminal charge establishes probable cause as a matter of law. *Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23) (1987). In other words, if a trial court, after hearing and seeing the State's evidence, finds that there was enough evidence of each of the elements of the charged crime to allow a jury to decide guilt or innocence, probable cause to prosecute existed. *Teasley v. State*, 214 Ga. App. 646, 647 (2) (448 SE2d 904) (1994).[1]

But it is too large a leap to conclude as a matter of law that this ruling ipso facto throws a cover of protection over charges of other crimes allegedly arising from the same incident. Probable cause for one does not necessarily mean probable cause for another. As we recognized the first time this case was here, the charges instigated were based on "two separate and independent criminal statutes (OCGA §§ 16-11-39 and 16-5-20) [the purpose of which is] the prevention and criminalization of constitutionally unprotected words and/or acts

---

[1] "[A] directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); [cit.]."

directly leading to the immediate threat of or incitement to violence. . . ." *State v. Klinakis*, 206 Ga. App. 318, 321-322 (1) (b) (425 SE2d 665) (1992). The criminal trial court properly ruled on each charge separately. It granted the directed verdict on the fighting words charge, which meant there was no evidence on which guilt could be found. *Teasley*, supra.

Remeneski depended for his faulty theory on *Day Realty Assoc. v. McMillan*, 247 Ga. 561 (277 SE2d 663) (1981). But as distinguished by the trial court, that case involved only one charge of the theft of several items, and the Supreme Court held that the lack of probable cause as to one of the items "in the same charge" does not give rise to an action for malicious prosecution. Id. at 562. So long as there is probable cause for some of the items listed in the charge, it is not malicious to prosecute *for theft*. The charge of theft is grounded.[2] The Supreme Court did not intimate or even discuss, much less hold, that where a person is accused of multiple charges of different crimes, and the charge pressed by the accuser is unfounded in that there was a lack of probable cause to believe it was committed, it would not be malicious prosecution as to that charge so long as one of the other charges did not lack probable cause.

It is a serious matter to charge someone with a crime, and a serious and sometimes devastating matter to be so charged. One who causes damage by doing so maliciously and without reasonable cause to believe that the person he is accusing is guilty of that crime should not be permitted a shield from civil liability simply because there was probable cause to believe some other charged crime was committed. Where there is evidence of the elements of the tort as set out in OCGA § 51-7-40 with respect to the separate and independent alleged crime, the wrongfully accused person should not be deprived of his right of action. Thus I agree with the trial court and with other courts which have taken this view. See, e.g., *Janetka v. Dabe*, 892 F2d 187, 190 (2nd Cir. 1989); *DeLaurentis v. City of New Haven*, 597 A2d 807, 822 (Conn. 1991); *Cuthrell v. Zayre of Virginia*, 201 SE2d 779 (Va. 1974).

If there are any circumstances under which the extension of *Day Realty* created in the majority opinion might be appropriate, this is not such a case. The criminal court granted a directed verdict on the fighting words charge, establishing as a matter of law that such an accusation was not grounded in even a probable cause belief. The elements of this crime, OCGA § 16-11-39, are far different from those of simple assault, OCGA § 16-5-20. Although the two charges grew out

---

[2] The Supreme Court returned the case to this Court to determine whether there was probable cause to prosecute as to the other items in the charge.

of the same incident and, in Remeneski's theory, were "closely related" in that sense, they stemmed from different legal elements and from different facts essential to those elements.

The record contains conflicting evidence with respect to Remeneski's truthfulness in relating facts upon which the prosecution for fighting words proceeded. The resolution of this conflict is for the jury. *Martin v. Reitz*, 152 Ga. App. 854, 856-857 (264 SE2d 305) (1980). So is the question of the lack of probable cause. OCGA § 51-7-43. See *Perry v. Brooks*, 175 Ga. App. 77, 78 (4) (332 SE2d 375) (1985) (non-precedential as to case but precedential as to cited principles).

The trial court should be affirmed.

I am authorized to state that Presiding Judge McMurray and Judge Smith join in this dissent.

DECIDED JUNE 28, 1996 — ▮▮▮▮▮▮▮▮▮▮

*Alfred L. King, Jr.*, for appellant.
*Peters, Roberts, Borsuk & Taylor, R. Stephen Roberts*, for appellee.