## A99A1924. HOLMES v. ACHOR CENTER, INC. et al.
### (531 SE2d 773)

SMITH, Judge.

Appellant Sarah Holmes brought this action alleging false arrest, false imprisonment, malicious prosecution, negligence, and intentional infliction of emotional distress against the appellees, Achor Center, Inc. and its agents Teresa Connell, Robert Barnes and Isaline Boston, as well as the City of Atlanta and police officers Major Harold R. Dunovant, Officer Dunn, Sergeant D. Ricks, and Lieutenant Crowder. Achor filed a motion to dismiss. At oral argument, at the request of Holmes's counsel, the motion was converted into one for summary judgment, and defendants Connell and Boston joined in the motion. The trial court granted summary judgment in favor of Achor, Connell, Barnes, and Boston. Holmes appeals, and we affirm.

1. Holmes asserts that the trial court erred in granting summary judgment because material issues of fact remain in dispute. The trial court granted summary judgment in favor of the defendants, properly construing the evidence in the light most favorable to the plaintiff as nonmovant. "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (486 SE2d 684) (1997).

The present action arises from a long history of disputes between appellant Holmes's husband, Kenneth Holmes, and Achor, the owner of real property previously used for church purposes by Holmes and other tenants and former owners of the property.[1] Achor, a nonprofit organization, provides shelter and training for homeless and destitute women on the property. *Achor Center v. Holmes*, 219 Ga. App. 399 (465 SE2d 451) (1995).

---

[1] These disputes have led to extensive litigation, including four appeals to this court and the Supreme Court of Georgia. Those decisions address related issues, primarily the rights of Kenneth Holmes's congregation to use the property in question for religious purposes. See *Holmes v. Bd. of Commrs.*, 271 Ga. 206 (517 SE2d 788) (1999); *Anderson v. Dowd*, 268 Ga. 146 (485 SE2d 764) (1997); *United Baptist Church v. Holmes*, 232 Ga. App. 253 (500 SE2d 653) (1998); *Achor Center v. Holmes*, 219 Ga. App. 399 (465 SE2d 451) (1995). In the latter two cases, significantly, this court held that Achor and United Baptist Church had probable cause to arrest Kenneth Holmes for trespassing on the property in 1993 and that summary judgment was appropriate on his claims for malicious prosecution.

Originally, Achor gained rights to the land through a 1989 warranty deed from the Christian Coalition of Metropolitan Atlanta ("CCMA"), see *Achor Center v. Holmes,* supra at 399, and a quitclaim deed from United Baptist Church ("UBC"), the original owner of the property. At the time Achor gained ownership of the property, it was subject to a previous "joint-use" agreement established by CCMA and UBC.[2] One of the groups that benefitted from the agreement was Capitol View Community Church, or the "Noon Congregation," a religious ministry led by Kenneth Holmes. After persistent difficulties between Kenneth Holmes and Achor, UBC decided to expel the members of the Noon Congregation. Id. at 399-400. Following this expulsion of Kenneth Holmes and his congregation, both UBC and Achor began filing criminal trespass warrants against members of the group who disobeyed the ban and returned to the property. Id. From that point onward, the parties have been embroiled in seemingly endless legal disputes.

In the initial suit, the Noon Congregation claimed a right to use the property pursuant to a clause in the joint-use agreement between CCMA and UBC. The case was resolved when the trial court granted summary judgment in favor of Achor, ruling that the congregation members did not have standing to bring a derivative suit on behalf of UBC. Following the entry of this final order and while it was on appeal, the Superior Court of Fulton County issued an injunction against Kenneth Holmes, preventing him from entering onto Achor's property. This injunction also applied expressly to other members of the congregation, including appellant Sarah Holmes, a party to that litigation. Appellant Holmes and others were permitted to use certain portions of the facility for church services at noon on Sunday but were enjoined from entering the property at any other time or for any other purpose. The terms of the injunction specified that the order was to remain in effect until the "final resolution" of the case or until further order by the trial court.

The Supreme Court affirmed the trial court's decision in *Anderson v. Dowd,* 268 Ga. 146, 148 (1) (485 SE2d 764) (1997), and the remittitur in that case was returned to the trial court on July 11, 1997. On August 5, 1997, the trial court entered the final order on the remittitur.

The appeal now before us is based upon the arrest of appellant Sarah Holmes for criminal trespass after she was found on the Achor premises at 10:45 a.m. on November 9, 1997. A magistrate eventually dismissed the charge for lack of probable cause. The trial court

---

[2] The agreement allowed CCMA to use the property for ten years, with UBC retaining use rights in certain areas of the property. Id.

granted summary judgment in favor of Achor and its agents, holding that Achor reasonably believed that Holmes was guilty of criminal trespass and thus had probable cause to seek her arrest. On appeal, Holmes asserts that the grant of summary judgment in favor of the defendants was inappropriate, because factual questions still remain for the jury regarding whether Achor reasonably believed she was guilty of criminal trespass. We disagree.

A party is liable for malicious prosecution for carrying on a criminal prosecution maliciously and without probable cause, causing damage to the person prosecuted. OCGA § 51-7-40. The existence of probable cause is an absolute defense to a claim of malicious prosecution. *Zohoury v. Home Depot*, 239 Ga. App. 454, 455 (1) (521 SE2d 389) (1999).

Public policy disfavors malicious prosecution actions because citizens should not be discouraged from reporting what they consider to be criminal activity. *K-Mart Corp. v. Coker*, 261 Ga. 745, 747 (410 SE2d 425) (1991).

> The courts have always distrusted malicious prosecution actions, and have retained a strong hand over them. For this reason the existence of probable cause, which involves only the conduct of a reasonable man under the circumstances, and does not differ essentially from the determination of negligence, usually is taken out of the hands of the jury, and held to be a matter for decision by the court.

(Citation and punctuation omitted.) *Chen v. Tai*, 232 Ga. App. 595, 598 (3) (502 SE2d 531) (1998); see also *K-Mart*, supra.

> The overriding question in actions for malicious prosecution is not whether the plaintiff was guilty, but whether the defendant had reasonable cause to so believe — whether the circumstances were such as to create in the mind a reasonable belief that there was probable cause for the prosecution. This burden is not carried in any reasonable sense unless the plaintiff . . . shows that under the facts as they appeared to the prosecutor at the time of the prosecution, that the defendant . . . could have had no reasonable grounds for believing the plaintiff to be guilty of the charge brought.

(Citation and punctuation omitted.) *Monroe v. Sigler*, 256 Ga. 759-760 (1) (353 SE2d 23) (1987). We therefore consider only whether Achor and its agents reasonably believed that Holmes was guilty, not whether appellant was actually guilty of the charge against her.

In considering whether the trial court properly granted sum-

mary judgment, and construing the evidence in favor of Holmes, we must determine whether the actions of Achor's agents on November 9, 1997, were reasonable in light of their understanding of the prior litigation and subsequent final judgment.

First, we consider the offense of criminal trespass and its legal significance.

> A person commits the offense of criminal trespass when he or she knowingly and without authority . . . [e]nters upon the land or premises of another person . . . after receiving, prior to such entry, notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner . . . that such entry is forbidden.

OCGA § 16-7-21 (b). Holmes asserts that she was authorized to enter onto the property by the injunction in *Anderson v. Dowd*, supra, to which she was a party. She claims that the injunction was still in effect on November 9, 1997, and that neither she nor the defendants could have had reason to believe otherwise.

The injunction states, in part, that these remaining plaintiffs "are restricted to the following portions of the property at 1332 Stewart Avenue: the sanctuary, choir room, restrooms, and two classrooms on the lower level, and reasonable ingress and egress thereto, prior, during and after the noon service." But Holmes entered on the property before 10:45 a.m., the time of her arrest. Since the injunction authorized Holmes's presence on the property only at the noon service, with "reasonable ingress and egress," Achor could reasonably have concluded that Holmes's presence more than an hour and one-quarter before the service began was not authorized by the injunction.

Moreover, while the injunction remained in effect "until final resolution of [the] case," the uncontroverted facts show that the final order on the remittitur from the Supreme Court was entered on August 5, 1997. This marked the final resolution of *Anderson v. Dowd*, and the injunction therefore expired at that time in accordance with its own terms. The rights of the Noon Congregation to enter Achor's property ended with the life of the injunction. No evidence showed otherwise. At that moment, Achor and its agents therefore could reasonably have concluded that any future use of the property by Holmes constituted an act of criminal trespass.

Holmes contends that the final order did not constitute "final resolution" of the case because an outstanding issue still remained unresolved. The basis for this argument is that the record in *Anderson v. Dowd* contained another notice of appeal filed by Kenneth Holmes, although it was unaccompanied by payment of costs. See

OCGA § 5-6-48 (c). Assuming without deciding that such a notice of appeal had any effect or significance after the Supreme Court of Georgia heard and decided the case, on October 10, 1997, the plaintiffs in that action, including Holmes, filed a voluntary notice of dismissal with prejudice. Therefore, even if this housekeeping matter and not the final order constituted "final resolution," it nevertheless occurred some 30 days prior to the date of Holmes's arrest. Achor could reasonably have concluded that "final resolution" had occurred and that the injunction was no longer in effect at the time of Holmes's arrest.

After the voluntary dismissal at the latest, it was reasonable for Achor and its agents to believe that the injunction had ended by its terms, that Holmes and her fellow congregants had no authority to enter Achor's property, and that Holmes therefore knowingly and intentionally entered upon the premises without consent and without authority. Even when viewed in a light most favorable to the plaintiff, the undisputed facts showing the defendants' state of mind demonstrate that no unresolved material issues of fact remain and that Achor and its agents are entitled to summary judgment as a matter of law.

2. Holmes also alleges that the trial court erred in granting summary judgment to Barnes, although he was not named in Achor's motion. In her brief, Holmes cites no authority but argues that it is error to grant summary judgment to a nonmoving party. This is not the law in Georgia.

Georgia law concerning the grant of summary judgment on the trial court's own motion is well established.

> Although our law concerning motions for summary judgment allows a trial court to grant, sua sponte, a summary judgment, a trial court's authority to do so is not unlimited. The grant of summary judgment must be proper in all other respects. This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment.

(Citations and punctuation omitted.) *Aycock v. Calk*, 222 Ga. App. 763-764 (476 SE2d 274) (1996).

Here, as we have noted, the original motion to dismiss by Achor was converted to a motion for summary judgment at the request of Holmes's counsel, and Connell and Boston joined the motion. The trial court then granted the motion and entered summary judgment as to Achor's agent Barnes as well, even though Barnes was not a

party to the original motion. Holmes was given additional time to file supplemental briefs and materials before the trial court's ruling and did so.

"The trial court can grant summary judgment to the non-moving party provided that the grant is proper in all other respects." (Citations and punctuation omitted.) *Generali — U. S. Branch v. Southeastern Security Ins. Co.*, 229 Ga. App. 277, 278 (1) (493 SE2d 731) (1997). Summary judgment in favor of a nonmovant was appropriate "where the issues were the same as those involved in the movant's motion, hence the opposing parties had notice thereof." *Cruce v. Randall*, 245 Ga. 669, 671 (266 SE2d 486) (1980).

Holmes has pointed to no legal or factual difference between her claim against Barnes and her claim against the other Achor defendants. Barnes, like the other individual defendants, is alleged by Holmes to be an agent of Achor, and Holmes makes her allegations against them collectively. Although Barnes did not file a motion, the dispositive issue of the Achor defendants' reasonable belief that Holmes committed criminal trespass was equally applicable to Barnes. This issue was dealt with extensively in the parties' briefs, including Holmes's supplemental brief after the hearing. Because Holmes "had full and fair notice and opportunity to litigate this issue in the trial court, there was no error in the trial court's sua sponte grant of summary judgment." *Zarach v. Atlanta Claims Assn.*, 231 Ga. App. 685, 691 (6) (500 SE2d 1) (1998).

3. Holmes having failed to enumerate as error or argue in her brief the trial court's disposition of her remaining claims, they are deemed abandoned. Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MARCH 20, 2000.

*Lawson & Thornton, George O. Lawson, Jr., Alton Hornsby III,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Milton B. Satcher III, Anna C. Palazzolo, Freeman, Mathis & Gary, Maureen M. Middleton,* for appellees.