## A01A0510. HOLMES et al. v. STA-BRITE AWNING SYSTEMS, INC.
(554 SE2d 327)

RUFFIN, Judge.

Reverend Kenneth Holmes is before us again in connection with his ongoing dispute over the use of certain land owned by Achor Center, Inc.[1] In this case, Holmes claims that Sta-Brite Awning Systems, Inc. ("Sta-Brite") tortiously interfered with and damaged personal property located on the Achor Center premises that belonged to him and his Capitol View Community Church ("the Church"). The trial court granted summary judgment on res judicata grounds, and Holmes appeals. For reasons that follow, we affirm.[2]

On April 22, 1997, Holmes filed suit individually against Sta-Brite in Fulton County State Court, claiming that Sta-Brite improperly removed, damaged, and interfered with two church signs that he had purchased. During a deposition, Holmes testified that he, rather than the Church, personally paid for and owned the signs at issue. Sta-Brite subsequently moved for summary judgment, and Judge Gino Brogdon held a hearing at which Holmes again indicated that

---

[1] See *Holmes v. Achor Center*, 249 Ga. App. 184, 185 (547 SE2d 332) (2001); see also *Holmes v. Bd. of Commrs.*, 271 Ga. 206 (517 SE2d 788) (1999); *Anderson v. Dowd*, 268 Ga. 146 (485 SE2d 764) (1997); *Holmes v. Achor Center*, 242 Ga. App. 887 (531 SE2d 773) (2000); *United Baptist Church v. Holmes*, 232 Ga. App. 253 (500 SE2d 653) (1998); *Achor Center v. Holmes*, 219 Ga. App. 399 (465 SE2d 451) (1995).

[2] Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Moore v. ECI Mgmt.*, 246 Ga. App. 601 (542 SE2d 115) (2000). We review the trial court's grant of summary judgment de novo. Id.

he owned the church signs. On September 8, 1997, Judge Brogdon granted Sta-Brite's motion for summary judgment on all of Holmes' claims,[3] and we affirmed that ruling in an unpublished opinion.

Six months later, Holmes and four other individuals "d/b/a Capitol View Community Church" sued Sta-Brite in the Superior Court of Clayton County. The complaint alleged that Sta-Brite removed, interfered with, and damaged the same two church signs involved in the Fulton County suit, as well as a ladder. In the Clayton County complaint, however, Holmes and the others alleged that the Church owned the signs and the ladder. Holmes has since clarified that both he *and* the Church own this personal property.[4]

Sta-Brite moved for summary judgment, arguing that Judge Brogdon's summary judgment ruling in the Fulton County action was res judicata as to the Clayton County suit. The Clayton County court agreed, granted summary judgment to Sta-Brite, and this appeal ensued.[5]

"The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action."[6] Res judicata has three prerequisites: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) a previous adjudication on the merits by a court of competent jurisdiction.[7] We agree with the trial court that res judicata bars Holmes' claims.

The Clayton County and Fulton County complaints involve the same cause of action. We have held that

> res judicata bars subsequent actions as to all matters put in issue or which under the rules of law might have been put in

---

[3] After the summary judgment hearing, but before Judge Brogdon issued a written summary judgment ruling, Holmes voluntarily dismissed his claims against Sta-Brite. On Sta-Brite's motion, Judge Brogdon struck Holmes' voluntary dismissal. Noting that he had orally announced his intention to grant Sta-Brite's summary judgment motion at the hearing, Judge Brogdon also entered summary judgment for Sta-Brite nunc pro tunc to September 8, 1997, the date of the hearing.

[4] We are disturbed by Holmes' ever-changing and contradictory positions regarding ownership of the signs and ladder. In the Fulton County suit, Holmes testified under oath that the church signs belonged to him. After filing the Clayton County suit, Holmes filed a sworn affidavit asserting that Church funds were used to purchase the signs and ladder. He now asserts on appeal that the signs and ladder "not only belong[ ] to him but [the Church] as well."

[5] Sarah E. Holmes, Norris Lenzy, Darnell Moorer, and Kerry L. Billingslea, the other four individuals who sued Sta-Brite in the Clayton County suit, originally participated in this appeal. We dismissed their appeal, however, because they failed to file enumerations of error and briefs.

[6] *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865 (1) (463 SE2d 5) (1995).

[7] Id. at 866.

issue in the original action. The adding of additional claims for relief which grow out of the same factual situation do not amount to the adding of a new or different cause of action, thereby escaping the bar of res judicata.[8]

Holmes' first lawsuit alleged that, on two separate occasions, Sta-Brite tortiously interfered with, removed, and damaged two church signs. The Clayton County complaint similarly alleged that Sta-Brite tortiously interfered with, removed, and damaged the church signs, as well as a ladder, on these same two occasions. We find no distinction between the two causes of action.

On appeal, Holmes argues that the allegations regarding the ladder were not raised in the Fulton County suit and thus should not be barred. The record shows, however, that the ladder's removal occurred on one of the occasions when Sta-Brite allegedly interfered with a church sign, conduct clearly at issue in the Fulton County suit. Thus, the claim regarding the ladder "[grew] out of the same factual situation" as Holmes' claims in Fulton County.[9]

As noted above, Holmes asserts an ownership interest in the ladder. He could have — and should have — raised this claim in his original suit against Sta-Brite.[10] Its inclusion in the Clayton County complaint does not defeat res judicata.[11]

Identity of the parties also exists as to Holmes' claims. Sta-Brite, the only defendant named in the Clayton County suit, was a defendant in the Fulton County proceedings, and Holmes was a party plaintiff in both cases.

Trying to avoid identity of the parties, Holmes argues that he brought the Clayton County suit in a "capacity different from that in which he appeared in the first suit," namely "d/b/a Capitol View Community Church." Apparently, he claims to represent the Church in the Clayton County case.[12] The Clayton County complaint shows, however, that Holmes sought damages *on his own behalf*. In that complaint, Holmes asserted that he was personally injured by Sta-Brite's alleged conduct and requested recovery for mental anguish, physical discomfort, humiliation, embarrassment, and injury to his "good name and reputation." Thus, the allegations in the Clayton

---

[8] (Citation and punctuation omitted.) *Garrett v. Life Ins. Co. of Ga.*, 221 Ga. App. 315, 317-318 (1) (471 SE2d 262) (1996).

[9] Id. See also *Macko v. City of Lawrenceville*, 231 Ga. App. 671, 672 (1) (499 SE2d 707) (1998) (" '[T]he doctrine of res judicata will bar an action even if some new factual allegations have been made.' ").

[10] See *Garrett*, supra; OCGA § 51-10-1.

[11] *Garrett*, supra.

[12] Holmes has provided no authority for this claimed representation, other than citing his position as "pastor."

County complaint show that Holmes was representing his own interest in the signs and ladder, rather than the Church's interest.

The Fulton and Clayton County suits involved the same cause of action, and Holmes personally sought damages in both. Holmes cannot avoid the res judicata bar simply by adding "d/b/a Capitol View Community Church" to the style of the case. We deal with substance, rather than nomenclature. It is clear that Holmes pursued his own interests in both suits, despite his claimed representation of the Church in the Clayton County action.[13] Under these circumstances, we find identity of parties as to his claims.

Finally, the record shows that the merits of Holmes' allegations against Sta-Brite were previously adjudicated in the Fulton County action. In that suit, Judge Brogdon granted Sta-Brite summary judgment on Holmes' claims, concluding that Sta-Brite had a right to remove the signs. The Fulton County court thus reached the merits of and rejected Holmes' allegations that Sta-Brite unlawfully interfered with or damaged the signs.[14] We subsequently affirmed that ruling on appeal.

All three prerequisites for res judicata — identity of the subject matter, identity of the parties, and a prior adjudication on the merits — are met in this case. Accordingly, the trial court properly granted summary judgment to Sta-Brite on Holmes' claims in the Clayton County action.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 24, 2001.

*Michael A. Gabel*, for appellants.
Kenneth R. Holmes, *pro se*.
*Mabry & McClelland, Edwin L. Hamilton, John G. Godsey*, for appellee.

---

[13] See *Franklin v. Gwinnett County Public Schools*, 200 Ga. App. 20, 26 (3) (407 SE2d 78) (1991) (looking at substance of complaint to determine capacity in which defendant sued for res judicata purposes).

[14] See *Roth v. Gulf Atlantic Media &c.*, 244 Ga. App. 677, 679 (1) (536 SE2d 577) (2000). Holmes does not dispute that the Fulton County State Court is a court of competent jurisdiction.