A02A0891. CAPITOL VIEW COMMUNITY CHURCH et al.
v. ACHOR CENTER, INC.
(571 SE2d 181)

MILLER, Judge.

Capitol View Community Church and its members repeatedly trespassed on premises owned by Achor Center, Inc., despite objections from Achor Center. Achor Center brought the present action to enjoin further trespasses and moved for summary judgment. The trial court granted summary judgment, holding that previous litigation between the parties had conclusively established (1) Achor Center's ownership of the property and (2) the lack of any right of Capitol View to be on the property, and issued a permanent injunction. Capitol View, appealing that judgment, claims that there are material issues of fact remaining which preclude summary judgment. Since the essential facts have previously been adjudicated, we discern no error and affirm.

Over the last seven years, Reverend Kenneth Holmes has embroiled the courts in his dissatisfaction with his and his congregation's expulsion from the United Baptist Church and with their resulting inability to use for worship services property of the UBC (subsequently transferred to Achor Center, Inc. — a homeless shelter). To date, at least one unpublished and eight published appellate opinions have resulted. The underlying actions have included one case in which the church members unsuccessfully challenged the expulsion and sought possession of the property (*Anderson v. Dowd*, 268 Ga. 146 (485 SE2d 764) (1997)); one case in which they unsuccessfully sued their attorney for legal malpractice for losing the first case (*Holmes v. Peebles*, 251 Ga. App. 417 (554 SE2d 566) (2001)); four cases in which they unsuccessfully asserted malicious prosecution claims arising out of trespass prosecutions (*Holmes v. Achor Center*, 249 Ga. App. 184 (547 SE2d 332) (2001); *Holmes v. Achor Center*, 242 Ga. App. 887 (531 SE2d 773) (2000); *United Baptist Church v. Holmes*, 232 Ga. App. 253 (500 SE2d 653) (1998); *Achor*

*Center v. Holmes*, 219 Ga. App. 399 (465 SE2d 451) (1995)); one case in which Holmes unsuccessfully sought to enjoin a trespass prosecution (*Holmes v. Bd. of Commrs.*, 271 Ga. 206 (517 SE2d 788) (1999)); one case in which they unsuccessfully sued a sign company for removing a church sign from the property (*Holmes v. Sta-Brite Awning Systems*, 251 Ga. App. 367 (554 SE2d 327) (2001)); and the first appeal of the present case, in which the homeless shelter successfully obtained an interlocutory injunction enjoining them from trespassing on the premises (*Capitol View Community Church v. Achor Center*, 242 Ga. App. XXV (2000) (not officially reported)).

This bevy of cases has relied in whole or in part on one or all of three facts, which the courts have consistently adjudicated as beyond dispute:

(1) UBC expelled Holmes and his church and congregation from membership in UBC in 1993 (see, e.g., *Anderson*, supra, 268 Ga. at 147-148 (1); *United Baptist Church*, supra, 232 Ga. App. at 254);

(2) UBC (and its successor in interest) transferred title to the worship premises to Achor Center, Inc. (see, e.g., *Achor Center*, supra, 219 Ga. App. at 399); and

(3) Even though Achor Center repeatedly forbade Holmes and his church and congregation from coming onto the premises, they continued to trespass (see, e.g., *Holmes*, supra, 249 Ga. App. at 186). It is not necessary to repeat other facts for purposes of this appeal.

On motion for summary judgment in the present case, the trial court entered a permanent injunction enjoining Holmes's church and its members from trespassing on the property owned by Achor Center, Inc. Holmes, his church, and the church members appeal, arguing (1) the trial court erred in referring to this case as an equity case, where the Supreme Court of Georgia (in the appeal of the interlocutory injunction) transferred the case to this Court for determination, and (2) the trial court erred in finding there were no undisputed material facts.

1. When the defendants appealed to the Supreme Court of Georgia the interlocutory injunction enjoining further trespasses, that Court transferred the matter to the Court of Appeals, explaining: "It appearing that any issues involving equity are ancillary to the main legal issues of property use and the equitable relief sought would be a matter of routine once those issues are resolved, this appeal hereby is transferred to the Court of Appeals. [Cits.]" This Court then affirmed, adopting in toto the trial court's thorough and well-reasoned interlocutory injunction order. *Capitol View Community Church*, supra, 242 Ga. App. XXV (not officially reported).

When the matter then came before the trial court on Achor Center's motion for summary judgment on the permanent injunction, the court granted the permanent injunction based on the undisputed

facts as previously established in the reported cases. Although unnecessary to its decision, the trial court noted that as this was an equitable case, defendants were not entitled to a jury trial. See *Cawthon v. Douglas County*, 248 Ga. 760, 763-764 (1) (286 SE2d 30) (1982). Defendants now challenge that statement, claiming that the transfer order of the Supreme Court established that this was not an equitable case.

Defendants' enumeration fails for at least two independent reasons. First, it is moot, since whether they were entitled to a jury trial does not preclude summary judgment if there are no disputed material facts. See OCGA § 9-11-56 (c). Second, the transfer order *never* stated that this was not a case in equity; it simply held that although the case sought equitable relief, the dispositive issues on appeal were legal in nature and could be determined by this Court.

2. The previous cases, which involved the same parties (or their privies) and the same issues, have established the three essential facts set forth above. Defendants' contention that these matters need to be relitigated fails.

*Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864 (463 SE2d 5) (1995), explained the estoppel effects of the doctrines of res judicata and collateral estoppel. "The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. . . . Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." (Footnotes omitted.) Id. at 865-867 (1), (2); see OCGA § 9-12-40.

The three issues set forth above were actually litigated and determined in the referenced cases, as reflected in the published appellate opinions. See, e.g., *Anderson*, supra, 268 Ga. at 147-148 (1); *Achor Center*, supra, 219 Ga. App. at 399. Achor Center and four of the named defendants here were parties in some or all of the previous decisions, and the other named defendants (the church and another church member) were privies insofar as they have an identity of interest such that the parties to the judgments represented the same legal right (i.e., the claim to membership in UBC and to use of the Achor Center property). See *Miller v. Steelmaster Material Handling Corp.*, 223 Ga. App. 532, 535 (3) (478 SE2d 601) (1996). Thus, collateral estoppel if not res judicata precluded the relitigation of the established facts.

The trial court did not err in granting summary judgment and entering the permanent injunction. See *Givens v. Ichauway, Inc.*, 268 Ga. 710, 711 (1) (493 SE2d 148) (1997) ("there is nothing precluding

summary judgment in a case involving an injunction. . . .") (citation omitted).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 4, 2002 —
RECONSIDERATION DENIED SEPTEMBER 18, 2002 —

*Michael A. Gabel*, for appellants.
Kenneth R. Holmes, *pro se*.
*Thompson, O'Brien, Kemp & Nasuti, John P. O'Brien, Paul B. Frickey*, for appellee.