## A03A0240. HOLMES v. ACHOR CENTER, INC.
(581 SE2d 390)

SMITH, Chief Judge.

The appellant in this action adds yet another chapter to the seemingly endless saga of his pro se journey through the courts. As we observed on the most recent occasion,

[o]ver the last seven years, Reverend Kenneth Holmes has embroiled the courts in his dissatisfaction with his and his congregation's expulsion from the United Baptist Church and with their resulting inability to use for worship services property of the UBC (subsequently transferred to Achor Center, Inc. — a homeless shelter). To date, at least one

unpublished and eight published appellate opinions have resulted.

*Capitol View Community Church v. Achor Center*, 257 Ga. App. 423 (571 SE2d 181) (2002).[1] In this eleventh opinion, we address a renewed appeal in Holmes's malicious prosecution action against Achor, as previously set out in *Achor III*, supra, 249 Ga. App. 184. In that decision, Holmes appealed the grant of summary judgment to Achor on four separate counts of malicious prosecution. We affirmed with respect to his June 14, 1994 arrest for criminal trespass but reversed with respect to his June 11, 1993 arrest for simple assault and his June 30, 1994 arrests for aggravated stalking and criminal trespass. Id. at 185. After remittitur, Achor filed a renewed motion for summary judgment with respect to the June 30 arrests, and the trial court granted the motion. This appeal followed.

1. In *Achor III*, we noted that Achor had failed to show that the officer who arrested Holmes for criminal trespass on June 30 did so on the basis of his own observations rather than at the urging of an Achor employee. *Achor III*, supra, 249 Ga. App. at 193 (2) (d). In its renewed motion for summary judgment, Achor submitted the affidavit of the arresting officer stating that he personally observed Holmes at a location within 50 yards of the perimeter of Achor's property. The officer testified that he was provided with a copy of a June 24, 1994 restraining order directing that Holmes keep "at least fifty (50) yards away from the perimeter of the property owned by Achor." He further testified that he made an independent decision to arrest Holmes for criminal trespass "based upon my experience, conversation with Holmes, and observations of the situation. No person associated with Achor at any time urged me to arrest Holmes and charge him with these particular offenses."

The law draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute. The initiation of

---

[1] See also *Holmes v. Bd. of Commrs.*, 271 Ga. 206 (517 SE2d 788) (1999); *Anderson v. Dowd*, 268 Ga. 146 (485 SE2d 764) (1997); *Holmes v. Peebles*, 251 Ga. App. 417 (554 SE2d 566) (2001); *Holmes v. Sta-Brite Awning Systems*, 251 Ga. App. 367 (554 SE2d 327) (2001); *Holmes v. Achor Center*, 249 Ga. App. 184 (547 SE2d 332) (2001) (*Achor III*); *Capitol View Community Church v. Achor Center*, 242 Ga. App. XXV (2000) (not officially reported); *Holmes v. Achor Center*, 242 Ga. App. 887 (531 SE2d 773) (2000) (*Achor II*); *United Baptist Church v. Holmes*, 232 Ga. App. 253 (500 SE2d 653) (1998); *Achor Center v. Holmes*, 219 Ga. App. 399 (465 SE2d 451) (1995) (*Achor I*).

the criminal action need not be expressly directed by the party to be held liable.

(Citations and punctuation omitted.) *McLeod v. Pruco Life Ins. Co.,* 215 Ga. App. 177, 179 (1) (449 SE2d 895) (1994). Achor's only involvement in the police officer's investigation occurred when its security guard provided a copy of the restraining order. The police officer's testimony "affirmatively shows the absence of any causal link between those acts attributable to defendants and the decision to arrest plaintiff" and relieves Achor of liability for malicious prosecution. Id. at 179-180. The trial court therefore did not err in granting summary judgment on this count.

2. We next consider the June 30 arrest for aggravated stalking. As we noted in *Achor III*, the evidence is in conflict regarding the statement of a former employee that Holmes threatened her. *Achor III,* supra, 249 Ga. App. at 192 (2) (c). But Achor successfully contended below that our decision in *Remeneski v. Klinakis,* 222 Ga. App. 12, 16 (473 SE2d 223) (1996), renders this conflict immaterial. We agree and affirm.

As we noted in yet another related appeal, *Achor II*, supra, 242 Ga. App. at 889, "[t]he existence of probable cause is an absolute defense to a claim of malicious prosecution. [Cit.]" In the present case, Holmes violated the restraining order by coming within 50 yards of Achor's property, and he was arrested for that offense, not for entering Achor's property itself. The officer "reasonably believed that Holmes was guilty of criminal trespass and thus had probable cause to seek [his] arrest." Id.

In *Remeneski*, supra, we applied the Supreme Court of Georgia's decision in *Day Realty Assoc. v. McMillan,* 247 Ga. 561 (277 SE2d 663) (1981). In *Day Realty*, the Supreme Court concluded that when the evidence, as a matter of law, supports a finding of probable cause for a portion of a particular charge but not every allegation under the charge, lack of probable cause as to the other allegations "does not give rise to a cause of action for malicious prosecution." Id. at 562. In *Remeneski*, a single confrontation between two individuals resulted in charges of simple assault and violation of the fighting words statute. *Remeneski*, supra, 222 Ga. App. at 13. At the criminal trial, a directed verdict of acquittal was granted as to the fighting words charge, but the simple assault charge was submitted to the jury. Id. In the malicious prosecution action which followed, the defendant moved for summary judgment contending that the determination of probable cause as to one charge established that probable cause existed for both charges. Summary judgment was denied, and the defendant appealed. Id.

We applied the Supreme Court's holding to separate charges

arising out of the same incident and held "that a finding of probable cause as to one related offense arising from the same transaction is a binding determination that there was probable cause for all related charges arising from the same transaction or occurrence." *Remeneski,* supra, 222 Ga. App. at 15. "By this, however, we do not mean merely that the charges arise at the same place and general time. For application of this rule, there must be more than just a sequential relationship between the charges. Instead, the charges must be based on the same course of conduct with a reasonable relationship between them." Id. at 16. Because both charges arose from the same incident, although "one violation [was] based on uttering fighting words and the other based on certain physical conduct" (citation omitted), id. at 13, we concluded that the trial court erred in denying summary judgment with respect to both counts of the malicious prosecution complaint. Id. at 16-17.

In this case, the criminal citation issued by the arresting officer demonstrates that only one arrest was made and one citation issued for a single incident, although Holmes was charged with both criminal trespass and aggravated stalking. The citation charges that Holmes "did violate a restraining order" in two ways: by entering "restricted property" and by threatening the victim. The restraining order itself enjoins Holmes not only from coming within 50 yards of the property, but from stopping, standing, or parking in front of the property in a motor vehicle and "from following, stalking, surveiling or threatening employees or residents." Moreover, the record of disposition on the citation shows that the charge of aggravated stalking was dismissed as "merged into other offense."

Under these circumstances, the charges against Holmes were based on the same course of conduct — violation of a restraining order — and were reasonably related. Under the rule stated in *Remeneski,* supra, summary judgment therefore was appropriate with respect to both charges.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED APRIL 15, 2003.

Kenneth R. Holmes, *pro se.*
*Jennings, Sparwath & Satcher, Milton B. Satcher*, for appellee.