S94Q1062. WAL-MART STORES, INC. v. BLACKFORD.
(449 SE2d 293)

THOMPSON, Justice.
This case is before the Court on a certified question from the United States Court of Appeals for the Eleventh Circuit, as follows:

> In a suit alleging malicious prosecution of a criminal bad check that was dismissed by the court without trial, is evidence admissible that tends to prove plaintiff's guilt in fact of the offense and, if so proved, is guilt a bar to the malicious prosecution suit?

The relevant facts and procedural history, as set forth in the

opinion of the Eleventh Circuit,[1] are summarized as follows: Blackford purchased merchandise from Wal-Mart and paid with a personal check. The check was returned for insufficient funds. Wal-Mart swore out a warrant charging Blackford with criminal issuance of a bad check under former OCGA § 16-9-20 (a).[2] Subsequent to her arrest, the court dismissed the charge on motion by Wal-Mart.

Blackford brought suit against Wal-Mart in district court for malicious prosecution, OCGA § 51-7-40.[3] Wal-Mart asserted both on motion for summary judgment and via a motion in limine that it was entitled to offer evidence obtained during discovery in the civil action that Blackford was in fact guilty of the offense with which she had been charged and that such guilt in fact, if proved, was a bar to her suit. The district court denied both motions, holding that under Georgia law the sole issue was whether circumstances created in the mind of the defendant a reasonable belief that there was probable cause for the prosecution. The court further concluded that if it had been judicially determined that plaintiff was guilty of the criminal offense, she would be barred from bringing suit for malicious prosecution, but that she was not barred in this instance because the charges against her had been dismissed. The case proceeded to trial and the jury returned a verdict for Blackford for substantial damages.

The elements essential to a cause of action under OCGA § 51-7-40 are: (1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which has terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff. *Commercial Plastics &c. Corp. v. Molen*, 182 Ga. App. 202 (1) (355 SE2d 86) (1987). The gravamen of the complaint is the absence of probable cause on the part of the person instituting the prosecution. *K-Mart Corp. v. Coker*, 261 Ga. 745 (410 SE2d 425) (1991); *Monroe v. Sigler*, 256 Ga. 759 (1) (353 SE2d 23) (1987). Probable cause is absent "when the circumstances are such as to satisfy a reasonable [person] that the accuser had no ground for proceeding but his desire to injure the accused." OCGA § 51-7-43. The determination is dependent upon whether the facts as they appeared at the time of instituting the prosecution were such as to lead a person of ordinary caution to entertain a belief that the ac-

---

[1] *Blackford v. Wal-Mart Stores*, 17 F3d 367 (11th Cir. 1994).
[2] Prior to amendment, effective July 1, 1994, OCGA § 16-9-20 (a) provided:
A person commits the offense of criminal issuance of a bad check when he makes, draws, utters, or delivers a check, draft, or order for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee.
[3] This Code section provides: "A criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action."

cused was guilty of the offense charged. The civil action fails if probable cause for the criminal prosecution is shown. *Akins v. Warren,* 258 Ga. 853 (375 SE2d 605) (1989). Accord *Hartshorn v. Smith,* 104 Ga. 235 (2) (30 SE 666) (1898).

In addition to the requirements that the criminal prosecution be carried on maliciously and without probable cause, a malicious prosecution plaintiff must also prove damage as an element of the tort. And while an innocent person prosecuted with malice and without probable cause has suffered damage for which the tort provides redress, conversely, a person who has been arrested for a crime which he committed has suffered no harm. Thus, although evidence of actual guilt is irrelevant in determining the existence of probable cause, such evidence is admissible in defense of the action to show that the plaintiff, who is in fact guilty, has suffered no damage as a result of the arrest.[4] Accordingly, we hold that the question certified by the Eleventh Circuit is to be answered as follows: In a suit alleging malicious prosecution that was dismissed by the court without trial, evidence of guilt in fact of the accused is admissible as a defense to the damage element of the tort and, if so proved, is a bar to recovery.

Our ruling comports with the policy of the courts that malicious prosecution suits are disfavored and citizens are encouraged to bring to justice those who are apparently guilty. *K-Mart Corp. v. Coker,* supra at (4); *Monroe v. Sigler,* supra at (8).

*Certified question answered in the affirmative. All the Justices concur, except Benham, P. J., who concurs in the judgment only.*

DECIDED NOVEMBER 7, 1994.

*Forbes & Bowman, Morton G. Forbes, John A. Foster,* for appellant.

*Franklin, Taulbee, Rushing, Bunce & Brogdon, Wallace M. Brogdon, Jr.,* for appellee.

---

[4] A guilt in fact defense is recognized pervasively. See the Restatement (Second) of Torts, § 657 (guilt in fact is a complete defense against liability for malicious prosecution); Prosser and Keeton, The Law of Torts, § 119 (5th ed. 1984) (even if the defendant acted maliciously and without probable cause in instituting the prosecution, he can escape liability by showing that plaintiff was in fact guilty of the charged offense); 52 AmJur2d 238, Malicious Prosecution, § 80 (the action will fail if plaintiff's innocence can be disproved); 54 CJS, Malicious Prosecution 589, § 66 (b) (proof of actual guilt is a good defense to an action for malicious prosecution).