## A02A1324. JOHNSON v. THE STATE.
(566 SE2d 349)

PHIPPS, Judge.

Ja Ja Johnson was convicted of two counts of felony obstruction of a law enforcement officer and one count of disorderly conduct. He contends that the trial court erred in denying his motion for directed verdict of acquittal of the disorderly conduct charge. Finding no error, we affirm.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

A person commits the offense of disorderly conduct when he, without provocation, uses obscene and vulgar or profane language in the presence of a person under the age of 14 years which threatens an immediate breach of the peace.[2] A person commits the felony offense of obstructing or hindering law enforcement officers when he knowingly and wilfully resists, obstructs, or opposes any law enforcement officer in the lawful discharge of his official duties by offering or doing violence to the person of the officer.[3]

The State's evidence showed that on the day in question, law enforcement officers Brown and Sands were on patrol at a park in Claxton, when they heard someone in a crowd yelling obscenities. Upon investigation they observed Johnson yelling "f— the police"

---

[1] (Citation and punctuation omitted.) *Jackson v. State*, 236 Ga. App. 260-261 (511 SE2d 615) (1999).
[2] OCGA § 16-11-39 (a) (4).
[3] OCGA § 16-10-24 (b).

within hearing distance of numerous small children. The officers approached Johnson, informed him that he could be arrested for engaging in such conduct, and asked him to stop. Because he refused to stop, they arrested him. About this time, Johnson pushed one of the officers in the chest several times and repeatedly kicked the other officer.

At trial, a defense witness testified that there were no children in the vicinity at the time, and Johnson denied yelling obscenities or wilfully hindering or obstructing the officers.

Conflicts in the testimony of the witnesses are, however, a matter of credibility for the jury to resolve.[4] Viewed in the light most favorable to the verdict, the evidence authorized any rational trier of fact to find the elements of disorderly conduct, as well as felony obstruction of law enforcement officers, beyond a reasonable doubt.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 23, 2002.

*Earle J. Duncan III*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Joe G. Skeens, Assistant District Attorney*, for appellee.

---

[4] *Jackson v. State*, supra at 261.