## A06A0971. GILBERT v. THE STATE.
### (629 SE2d 587)

BLACKBURN, Presiding Judge.

Following a bench trial, Vance Carlos Gilbert appeals his conviction of family violence battery, contending that the evidence did not show that he caused substantial or visible bodily harm as required under OCGA § 16-5-23.1 (a). We disagree and affirm.

> The standard of review for sufficiency of the evidence [in a criminal case] is set out in *Jackson v. Virginia.*[1] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

*Taylor v. State.*[2]

So viewed, the evidence shows that as Donald Boyd waited in his car at a traffic light, he observed Gilbert and his sister, Rachel Oliver, talking in a parking lot approximately 30 feet from Boyd. As Boyd watched, Gilbert drew his fist back and struck Oliver in her face, forcefully turning her head and knocking her glasses off. Boyd called 911 on his cell phone and pulled into the parking lot to confront Gilbert. Despite Gilbert's aggressive demeanor toward Oliver and Boyd, no further physical altercation took place before the police arrived and took Gilbert into custody. Gilbert was charged with family violence battery under OCGA § 16-5-23.1 and, following a bench trial, convicted, giving rise to this appeal.

---

[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Taylor v. State,* 266 Ga. App. 818 (598 SE2d 122) (2004).

Gilbert contends that the evidence did not support his conviction in that he did not cause substantial or visible bodily harm as required by OCGA § 16-5-23.1 (a). We disagree.

OCGA § 16-5-23.1 provides, in relevant part:

> (a) A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another. (b) As used in this Code section, the term "visible bodily harm" means *bodily harm capable of being perceived by a person other than the victim* and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts.

(Emphasis supplied.) OCGA § 16-5-23.1 (a), (b).

Here, Gilbert admitted at the scene that he hit Oliver in the face, but he now argues that he did not cause the harm requisite to be convicted of battery under the statute. However, on its face, the statute encompasses behavior causing harm that is "capable of being perceived by a person other than the victim." OCGA § 16-5-23.1 (b). A police officer who arrived at the scene testified that Oliver's face was red from Oliver's blow. The trial court found Oliver's reddened face to be harm capable of being perceived by a person (the officer) other than the victim (Oliver). See *Shaw v. State.*[3] In light of the uncontroverted evidence supporting this finding, we discern no error.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED APRIL 12, 2006.

*Daniel, Hadden & Alford, Peter T. Alford, Ajalon E. Daniel III*, for appellant.

*Nina M. Baker, Solicitor-General*, for appellee.

---

[3] *Shaw v. State*, 247 Ga. App. 867, 870 (2) (a) (545 SE2d 399) (2001).