[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11276
Non-Argument Calendar

_____

D. C. Docket No. 06-02478-CV-RLV-1

HARVEY L. BOYD, JR.,

Plaintiff-Appellant,

versus

GARY PEET,
CHANCY H. TROUTMAN,
THE CITY OF STONE MOUNTAIN,
A political subdivision of
the State of Georgia,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 25, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

This appeal arises from an action brought by Harvey L. Boyd, Jr. ("Boyd") pursuant to 42 U.S.C. § 1983 , alleging violations of his constitutional rights by the Chief of Police of Stone Mountain, Georgia, Chancy H. Troutman; the Mayor of the City of Stone Mountain, Gary Peet; and the City of Stone Mountain (collectively "the defendants"). Boyd's complaint alleged violations of his rights to due process and equal protection under the Fourteenth Amendment; malicious prosecution; and violations of his rights to free speech and free association under the First Amendment. The district court granted the defendants' motion for judgment on the pleadings, finding that Boyd abandoned his due process and malicious prosecution claims, and that Boyd's complaint failed to state a claim for relief on the remaining claims. Boyd appeals the district court's order.

## STANDARD OF REVIEW

We review *de novo* a district court's grant of judgment on the pleadings. *Hardy v. Regions Mortgage, Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). We take as true the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *Id.* The complaint's allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff's complaint should be dismissed. *See Bell Atl. Corp. v.*

2

*Twombly*, - - U.S. - -, 127 S. Ct. 1955, 1965, 1973 n.14, 167 L. Ed. 2d 929 ( 2007)

(retiring the often-criticized "no set of facts" language previously used to describe

the motion to dismiss standard and determining that because plaintiffs had "not

nudged their claims across the line from conceivable to plausible, their complaint

must be dismissed" for failure to state a claim).

## DISCUSSION

As an initial matter, the district court dismissed Boyd's due process and

malicious prosecution claims because it held that Boyd abandoned those claims by

failing to address them in his response brief to the defendants' motion to dismiss.

However, at the motion to dismiss stage, the scope of a court's review must be

limited to the four corners of the complaint. *St. George v. Pinellas County*, 285

F.3d 1334, 1337 (11th Cir. 2002). Accordingly,  in considering the defendants'

motion for judgment on the pleadings, the district court erred by going beyond the

face of the complaint. Boyd did not abandon his due process and malicious

prosecution claims by failing to adequately address them in his response brief.

The appropriate inquiry at this stage of the litigation should have been

whether the allegations of the complaint plausibly indicate that Boyd has a claim

for relief. We find that he has not stated a claim for relief as to any cause of action.

A.      *Due Process Claim*

3

We have previously stated that "a procedural due process violation is not complete unless and until the State fails to provide due process." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (internal quotations omitted). Accordingly, "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *Id.* Boyd's complaint does not allege that the city has failed to provide an adequate remedy to the alleged violation of his rights. *See Tinney v. Shores*, 77 F.3d 378, 382 (11th Cir. 1996) (per curiam). In fact, Boyd's complaint acknowledges that he had a hearing before the DeKalb Personnel Board, which he appealed to Superior Court of DeKalb County. Accordingly, we cannot say that Boyd's complaint states a plausible claim for a due process violation.

B.     *Malicious Prosecution Claim*

"To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). The elements of malicious prosecution under Georgia law are "(1) [a] prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which has terminated favorably to the

4

plaintiff; and (6) has caused damage to the plaintiff." *Wal-Mart Stores, Inc. v. Blackford*, 449 S.E.2d 293, 294 (Ga. 1994); *see also* O.C.G.A. § 51-7-40. Boyd's complaint fails to allege either the existence of any criminal proceedings, or a termination of such proceedings in his favor. Accordingly, he has failed to state a claim upon which relief may be granted.

  C.    *Equal Protection Claim*

  "[T]o properly plead an equal protection claim, a plaintiff need only allege that through state action, similarly situated persons have been treated disparately." *Thigpen v. Bibb County*, 223 F.3d 1231, 1237 (11th Cir.2000), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). Boyd's complaint does not allege any similarly situated person or group with whom we can compare him in determining whether he was treated disparately. The district court properly dismissed Boyd's equal protection claim.

  D.    *First Amendment Claims*

  The district court construed Boyd's complaint as alleging violations of his right to free speech and his right to free association under the First Amendment. The thrust of Boyd's argument seems to be that he was retaliated against for reporting police misconduct and unremedied criminal activity, and for associating

5

with a city council member. To state a claim for retaliation for exercising their First Amendment rights a plaintiff must establish that: (1) the speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) a causal connection existed between the retaliatory conduct and the adverse effect on speech. *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir.2005). The same three-pronged analysis applies to the employment context: plaintiff must have suffered an adverse employment action on account of protected speech. *See Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002) (analyzing a retaliation claim under Title VII); *Stavropoulos v. Firestone*, 361 F.3d 610, 620 (11th Cir. 2004) (concluding that a court may apply Title VII standards to First Amendment retaliation claims). Boyd's complaint does not establish a causal connection between any conduct of the defendants and any protected speech. Boyd does not allege that he was fired because he had been speaking out about police misconduct or inaction. Further, he does not allege any adverse action taken against him on account of his association with the city council member. Accordingly, the district court properly dismissed Boyd's complaint.

## CONCLUSION

Because Boyd's complaint does not plausibly state a claim for relief as to

6

any cause of action, the district court properly granted the defendants' motion for judgment on the pleadings.  Accordingly, we affirm.

**Affirmed**.