## A09A1939. JONES v. WARNER.
(686 SE2d 835)

ANDREWS, Presiding Judge.

Chastity Jones appeals from the trial court's grant of summary judgment to City of Atlanta Officer Adriane Warner concerning Jones's claims for false arrest, malicious prosecution, and intentional infliction of emotional distress. Jones argues that questions of fact remain as to whether Warner acted with actual malice and whether Jones herself suffered severe emotional distress. We agree with the first of these contentions and therefore affirm in part and reverse in part.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Bateast v. DeKalb County,* 258 Ga. App. 131 (572 SE2d 756) (2002).

So viewed, the record shows that on March 15, 2007, Jones, William Voltz, and John Street were eating inside a KFC restaurant in downtown Atlanta when Jones and Street decided to visit Atlantic Station. Jones saw a police van parked outside and noticed Officer Warner sitting in it. Jones left the restaurant, approached the van and asked Warner, who was on a radio call at the time, how to get to Atlantic Station. When Warner did not respond, Jones repeated her question. Warner lifted her finger so as to indicate that Jones should wait, said "17th Street," and pointed to the right. When Jones again asked her "Where is that?," Warner replied, "Can't you see I am on my radio?" Jones then turned away from Warner, began to walk back toward the restaurant, and said, "[Y]ou didn't have to be so rude about it."

After Jones re-entered the restaurant, Warner followed her inside and said that she needed to speak to her. After apologizing to

Warner for interrupting her during the radio call, Jones turned to walk back to her table, at which Warner grabbed Jones by the arm and said, "Don't walk away from me when I'm talking to you." Warner then pulled Jones out of the restaurant, pressed her to the wall outside, and moved her further down Peachtree Street as Jones apologized again. Warner then handcuffed Jones and asked her for identification. Jones denied that she had identification, although she later found it in her pocket.

At the precinct house, Warner learned that Jones was the subject of an arrest warrant for failure to appear. Jones was taken to jail and charged with disorderly conduct under Atlanta City Ordinance § 106-81 (8), which at the time prohibited the interference, "by acts of physical obstruction, [with] another's pursuit of a lawful occupation."[1] The City of Atlanta solicitor later moved to dismiss the charges, and the municipal court granted the motion.

Jones brought this action against Warner for claims including false arrest, malicious prosecution, and intentional infliction of emotional distress. Although Warner testified that Jones referred to "damn officers" as she walked away from the police van, Warner had not mentioned any such profanity in her initial report and admitted at deposition that she had no reasonable basis for suspecting that a crime had occurred before Jones re-entered the restaurant.

Warner also testified, however, that Jones continued to curse on returning to the restaurant and in the presence of children, and that this gave her probable cause to arrest Jones. See, e.g., *Johnson v. State*, 255 Ga. App. 537 (566 SE2d 349) (2002) (evidence that defendant yelled "f— the police" in front of children was sufficient to sustain his conviction for disorderly conduct under OCGA § 16-11-39 (a)). Jones herself testified that young children were present in the restaurant, although Voltz testified to the contrary as well as to Jones's "calm" and "normal" demeanor on returning to the restaurant.

1. Jones argues that a question of fact remains as to whether Warner arrested her falsely. We agree.

"An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested." OCGA § 51-7-1. "Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused. Lack of probable cause shall be a question for the jury,

---

[1] Very shortly after the incident at issue, the ordinance was amended by deleting a provision not relevant to this appeal. The provision under which Jones was charged appeared as subsection (7) of the new ordinance.

under the direction of the court." OCGA § 51-7-3.

> Whoever arrests or imprisons a person without a warrant is guilty of a tort, *unless he can justify under some of the exceptions in which arrest and imprisonment without a warrant are permitted by law;* and the burden of proving the existence of the facts raising the exception is upon the person making the arrest or inflicting the imprisonment.

(Citations and punctuation omitted; emphasis in original.) *Collins v. Sadlo,* 167 Ga. App. 317, 318 (306 SE2d 390) (1983).

> Malice may be inferred from a total lack of probable cause. OCGA § 51-7-44. The existence of probable cause is a jury question where the facts regarding probable cause are disputed and a question of law for the court when the relevant facts are undisputed. OCGA § 51-7-43.

*Arbee v. Collins,* 219 Ga. App. 63, 64 (1) (463 SE2d 922) (1995); see also *Cameron v. Lang,* 274 Ga. 122, 123 (549 SE2d 341) (2001); *Bateast,* supra, 258 Ga. App. at 132 (a police officer is entitled to immunity concerning false arrest claim "unless he or she acted with actual malice or with actual intent to cause injury") (punctuation omitted).

Construing the evidence in Jones's favor, a question of fact remains as to whether Warner arrested her for disorderly conduct knowing that she did not have probable cause to do so. Nothing in Jones's testimony suggests that she either cursed Warner or physically obstructed her at any time before she was handcuffed. Voltz testified that Jones was "calm" and "normal" upon returning to the restaurant, that Jones apologized to Warner inside and outside the restaurant, and that she never raised her voice to the officer. Warner has failed to provide any other undisputed evidence showing that an arrest for physical obstruction was justified, and Warner was not aware at the time of the arrest that Jones had an outstanding warrant for failure to appear. Accordingly, "it will be up to the trier of fact to determine whether [Jones] or the arresting officer[ ] [is] telling the truth in this matter." *Bateast,* 258 Ga. App. at 133 (reversing grant of summary judgment to police officer in action for false arrest).

2. The trial court also erred when it granted Warner summary judgment on Jones's malicious prosecution claim.

"For purposes of [the law of malicious prosecution], an inquiry before a committing court or a magistrate shall amount to a

prosecution." OCGA § 51-7-42.

> *The gravamen of the complaint [for malicious prosecution] is the absence of probable cause on the part of the person instituting the prosecution.* Probable cause is absent "when the circumstances are such as to satisfy a reasonable (person) that the accuser had no ground for proceeding but his desire to injure the accused." OCGA § 51-7-43. The determination is dependent upon whether the facts as they appeared at the time of instituting the prosecution were such as to lead a person of ordinary caution to entertain a belief that the accused was guilty of the offense charged. The civil action fails if probable cause for the criminal prosecution is shown.

(Citations omitted; emphasis supplied.) *Wal-Mart Stores v. Blackford*, 264 Ga. 612, 613-614 (449 SE2d 293) (1994). "In a suit alleging malicious prosecution that was dismissed by the court without trial, evidence of guilt in fact of the accused is admissible as a defense to the damage element of the tort and, if so proved, is a bar to recovery." Id. at 614.

Here, the charge against Jones was pending for well over a year before the case was called in magistrate court. The facts that the party that first brought the charges later moved to dismiss them, and that the trial court granted the motion, do not alter our conclusion that for purposes of the tort statute (OCGA § 51-7-43), a "prosecution" occurred. See *Branson v. Donaldson*, 206 Ga. App. 723, 725-726 (426 SE2d 218) (1992). As in Division 1, a question of fact remains as to whether Warner had probable cause to charge Jones with disorderly conduct. It follows that the trial court erred when it granted Warner summary judgment on Jones's claim for malicious prosecution. See *Wal-Mart Stores v. Johnson*, 249 Ga. App. 84, 87 (2) (547 SE2d 320) (2001) (finding questions of fact concerning both false arrest and malicious prosecution), overruled on other grounds, *Ferrell v. Mikula*, 295 Ga. App. 326, 333 (672 SE2d 7) (2008).

3. The trial court did not err, however, when it concluded that Jones could not make out her claim for intentional infliction of emotional distress.

"One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703, 706 (2) (409 SE2d 835) (1991).

> Emotional distress includes all highly unpleasant mental reactions such as fright, horror, grief, shame, humiliation,

embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is *extreme* that liability arises. The law intervenes only where the distress inflicted is so severe that no reasonable person could be expected to endure it. Whether severe emotional distress can be found, based on the evidence presented, is a question for the court to decide.

*Abdul-Malik v. AirTran Airways*, 297 Ga. App. 852, 858 (1) (678 SE2d 555) (2009).

Here, the trial court concluded that based on Jones's testimony that she suffered "anxiety, nervousness, sleeplessness, and irritability" for one month after the arrest, as well as her failure to seek medical or psychiatric treatment for these symptoms, Jones could not show that her symptoms were sufficiently severe. There was no error. *Abdul-Malik*, 297 Ga. App. at 858 (1) (emotional distress claim fails where plaintiff did not have symptoms "so severe that no reasonable person could be expected to endure [them]"); *Odem v. Pace Academy*, 235 Ga. App. 648, 656 (2) (510 SE2d 326) (1998) (where plaintiff suffered "marginally high" blood pressure but sought no professional advice, emotional distress was not severe); *Witter v. Delta Airlines*, 966 FSupp. 1193, 1201 (N.D. Ga. 1997), aff'd, 138 F3d 1366 (11th Cir. 1998) (anxiety, sleeplessness, overeating, diarrhea, and headaches did not amount to "severe" emotional distress).

*Judgment affirmed in part and reversed in part. Miller, C. J., and Barnes, J., concur.*

DECIDED NOVEMBER 13, 2009.

*Michael O. Mondy*, for appellant.
*Jarrard & Davis, Thomas R. Mondelli, Dennis M. Young*, for appellee.

