### A10A1951. WILLS v. ARNETT.
(702 SE2d 646)

ANDREWS, Presiding Judge.

Linda S. Wills appeals from the trial court's grant of summary judgment to David Arnett on her third-party claims for contribution, false arrest, and malicious prosecution. We find no reversible error

504

and affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that Wills and Arnett's divorce decree, including their settlement agreement, was entered on November 8, 2005. In February 2007, Arnett's mother sued Wills for fraud and other claims involving a bank account to which Arnett's mother had added Wills and Arnett as co-signatories. The mother's complaint alleged that Wills had improperly withdrawn funds amounting to $59,221 between July 2001 and May 2005. Wills then filed a third-party complaint against Arnett for (1) contribution and/or indemnity concerning the mother's claim against her and (2) false arrest and malicious prosecution concerning Wills's arrest by City of Kennesaw police on November 20, 2005, 12 days after the divorce. Arnett himself was a Kennesaw police officer at the time. The resulting charges against Wills, including family violence battery and cruelty to children, were later dropped.

Arnett filed a motion for summary judgment on all of Wills's claims, attaching an affidavit by the arresting officer that Wills had intentionally harmed Arnett by "grabbing his right upper arm and causing abrasion, scratches, redness, swelling, and bruising while he was holding [the couple's] 1 year old child" and that his decision to arrest her "was made solely by me in exercise of my professional judgment and independently of David Arnett." In opposition to Arnett's motion, Wills filed her own and two other affidavits to the effect that she had accidentally scratched Arnett as she attempted to take their son out of his arms while Arnett was screaming obscenities at her and using a can opener to open boxes, that she and the two witnesses had overheard Arnett calling the Kennesaw police department and discussing what steps he should take if she attempted to leave the scene, and that the officer had arrested her as a favor to Arnett.

After a hearing, the trial court held that for purposes of Arnett's summary judgment motion, it viewed the evidence "in the light most favorable to [Arnett]," and that Wills's claim concerning the bank account was barred by the divorce decree as res judicata. The trial court then granted Arnett's motion without addressing Wills's false arrest claim and without limiting its holding to the matter of the bank account. Wills then filed an application for discretionary appeal, which this Court granted because the trial court's grant of

summary judgment to Arnett on her false arrest claim was directly appealable.[1]

1. Wills points out that the trial court misstated the standard of review on summary judgment in favor of Arnett. This error was harmless as to Wills's contribution claim, however, because it is clear from the settlement agreement that the parties intended to resolve "any claims, debts, liabilities and obligations of any nature whatsoever, contingent or otherwise, which *has [sic] been incurred* individually or jointly with any third person or persons." (Emphasis supplied.) This language was sufficiently broad to include Wills's contribution claim against Arnett concerning the bank account transactions forming the basis of Arnett's mother's suit, all of which occurred before the entry of the divorce decree. The trial court did not err when it granted Arnett summary judgment on the contribution claim. See *Savannah Yacht Corp. v. Thunderbolt Marine*, 297 Ga. App. 104, 109 (1) (676 SE2d 728) (2009) (reversing jury verdict where trial court failed to enforce settlement agreement and denied appellants' motion for summary judgment); compare *Brookins v. Brookins*, 257 Ga. 205, 208 (2) (357 SE2d 77) (1987) (refusing to adopt a "strict res judicata" rule to accrued child support arrearages so as not to deter custodial parents from seeking a remedy).

2. Nor did the trial court err when it granted summary judgment to Arnett on Wills's false arrest and malicious prosecution claims.

"An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested." OCGA § 51-7-1. "Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused. Lack of probable cause shall be a question for the jury, under the direction of the court." OCGA § 51-7-3.

> Whoever arrests or imprisons a person without a warrant is guilty of a tort, unless he can justify under some of the exceptions in which arrest and imprisonment without a warrant are permitted by law; and the burden of proving the existence of the facts raising the exception is upon the person making the arrest or inflicting the imprisonment. *Malice may be inferred from a total lack of probable cause.* The existence of probable cause is a jury question where the facts regarding probable cause are disputed and a question of law for the court when the relevant facts are undisputed.

---

[1] See *Zitrin v. Ga. Composite State Bd. of Med. Examiners*, 288 Ga. App. 295, 297 (1) (653 SE2d 758) (2007).

(Citations and punctuation omitted; emphasis supplied.) *Jones v. Warner*, 301 Ga. App. 39, 41 (1) (686 SE2d 835) (2009). Likewise, the "gravamen" of a complaint for malicious prosecution is "the absence of probable cause on the part of the person instituting the prosecution." (Punctuation and emphasis omitted.) Id. at 42 (2).

> Probable cause is absent "when the circumstances are such as to satisfy a reasonable (person) that the accuser had no ground for proceeding but his desire to injure the accused." OCGA § 51-7-43. The determination is dependent upon whether the facts as they appeared at the time of instituting the prosecution were such as to lead a person of ordinary caution to entertain a belief that the accused was guilty of the offense charged.

Id. "In a suit alleging malicious prosecution that was dismissed by the court without trial, evidence of guilt in fact of the accused is admissible as a defense to the damage element of the tort and, if so proved, is a bar to recovery." *Wal-Mart Stores v. Blackford*, 264 Ga. 612, 614 (449 SE2d 293) (1994).

Here, it is undisputed that Wills scratched Arnett in the course of a scuffle during which Arnett was holding the couple's infant. Whatever the motives of the arresting officer may have been, then, he had probable cause to arrest Wills for family violence battery. See OCGA § 16-5-23.1 (f) (defining family violence battery); *Gilbert v. State*, 278 Ga. App. 765, 766 (629 SE2d 587) (2006) (evidence including eyewitness testimony that defendant struck victim, resulting in a reddened face, was sufficient to sustain conviction for family violence battery). It follows that the trial court did not err when it granted Arnett's motion for summary judgment on Wills's claims for false arrest and malicious prosecution.

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED SEPTEMBER 28, 2010 —
RECONSIDERATION DENIED OCTOBER 18, 2010 —

*Stuart A. Kurtz*, for appellant.
*Cauthorn, Nohr & O'Dell, Justin B. O'Dell, Gilder H. Howard, Sr., Michael E. McLaughlin*, for appellee.