## A11A0998. PARSON v. THE STATE.
(711 SE2d 398)

McFADDEN, Judge.

A jury found David Parson guilty of false imprisonment and two counts of family violence battery. Parson appeals, challenging the sufficiency of the evidence. He also argues that because the evidence was insufficient, a fatal variance between the allegations in the indictment and the proof presented at trial demanded a directed verdict of acquittal. We find the evidence sufficient and no fatal variance. Accordingly, we affirm.

---

1. On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence, and we must view the evidence in the light most favorable to the jury's verdict. See *Gilbert v. State*, 278 Ga. App. 765 (629 SE2d 587) (2006). We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty of the crimes charged beyond a reasonable doubt. See id.

So viewed, the evidence shows that Parson and Mary Brendle had a volatile, eight-year relationship that produced two children. On November 25, 2006, after the couple had broken up, Brendle saw Parson at a convenience store. Parson got into Brendle's car without permission and told her to drive him to an apartment complex. Brendle asked Parson to get out, but he refused, and Brendle drove him to the complex. When they arrived, Parson took Brendle's car keys, entered an apartment, retrieved clothes, then returned to the car.

Brendle again asked Parson to leave her car, but he refused and began threatening her. When Brendle stated that she planned to drive to her mother's house, Parson became angry and punched her in the eye. At that point, Brendle stopped the car in the parking lot of a nearby hospital. She attempted to get out of the car, but Parson pulled her back, ripping her shirt. She managed to get away and ran inside the hospital. While inside, she called her mother and described Parson's actions. Brendle then walked back toward her car, where she once again encountered Parson, who pushed her into the driver's seat, held her by the throat, hit her in the chest, and told her that she would be "really sorry" if she contacted her mother again. He also told her that she needed to take him to work the next day.

The following afternoon, Brendle was with Parson in the car when they were pulled over by the police. Brendle, who had a black eye, told the officers that Parson had hit her, and she filed a police report regarding the incident. Based on her report, the State charged Parson with aggravated assault, false imprisonment, and two counts of family violence battery.

At trial, Brendle testified in detail about her encounter with Parson. A hospital receptionist and security guard also testified, corroborating various portions of Brendle's account. Both saw Brendle enter the hospital and use the telephone, and they noted that she appeared nervous or upset and had a ripped shirt. The security guard also testified that Brendle "looked like she had been in a scuffle." The receptionist overheard Brendle on the telephone telling someone that she had been hit and that "he" was "outside somewhere." The security guard further testified that he saw Brendle's car drive up to the hospital and noticed that she appeared to be "having trouble getting out of the car." As Brendle left the

hospital, the guard also saw an angry man approach her.

The jury found Parson guilty of two counts of family violence battery and one count of false imprisonment, but not guilty of the aggravated assault charge. Parson now claims that the evidence was insufficient to support his convictions.

(a) Parson argues that the evidence did not authorize the conclusion that he struck Brendle in the head and chest, as alleged in the family violence battery counts. Brendle, however, testified about these blows, and the State presented photographic evidence of the resulting bruises. Challenging this evidence, Parson contends that the bruises actually related to injuries sustained by Brendle in an automobile accident that occurred several weeks before the November 25, 2006 incident. The jury, however, was entitled to believe Brendle's testimony that Parson hit her, leaving bruises on her face and chest. The evidence, therefore, supported the family violence battery convictions. See OCGA § 16-5-23.1 (f) (family violence battery includes battery "committed between . . . persons who are parents of the same child"); *Gilbert,* supra at 766 (evidence that defendant hit sister on face, leaving mark seen by person other than victim, supported family violence battery conviction); *Bryant v. State,* 226 Ga. App. 135, 136 (1) (486 SE2d 374) (1997) (jury authorized to believe victim's testimony that defendant hit her).

(b) Parson also claims that the State failed to prove false imprisonment. "A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." OCGA § 16-5-41 (a). According to Parson, the State offered no evidence that he detained Brendle. We disagree.

Brendle testified that Parson pulled her back into her car as she tried to get out at the hospital, and a security guard noticed that she had difficulty getting out. Although Brendle managed to free herself from Parson and exit the car, "[a] brief detention is sufficient" to establish false imprisonment. *Rehberger v. State,* 235 Ga. App. 827, 828 (1) (510 SE2d 594) (1998). Brendle further testified that when she later encountered Parson outside the hospital, he pushed her into the car's driver seat, held her by her throat, and hit her chest.

The jury is tasked with determining whether a brief detention amounts to false imprisonment. See *Rehberger,* supra at 828 (1). Given the evidence presented, the jury was authorized to conclude that Parson detained Brendle without legal authority, in violation of OCGA § 16-5-41 (a). See id. (defendant committed false imprisonment by briefly holding the victim against her will); *Reynolds v. State,* 231 Ga. App. 33, 34 (1) (497 SE2d 580) (1998) (jury authorized to find defendant guilty of false imprisonment based on evidence that defendant grabbed victim, who fought defendant off and escaped).

2. In a related claim of error, Parson argues that a fatal variance exists between the indictment's false imprisonment allegations and the proof at trial because the State failed to prove a detention. Again, however, the State offered sufficient proof that Parson detained Brendle in her car, as alleged in the indictment. Accordingly, this claim of error lacks merit.

*Judgment affirmed. Andrews, J., concurs. Phipps, P. J., concurs in Division 1 (a) and concurs in judgment only as to Divisions 1 (b) and 2.*

DECIDED JUNE 9, 2011.

*James A. Rogers*, for appellant.

*J. Bradley Smith, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.