**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10321
Non-Argument Calendar

————————————

DONOVAN SCHILLING,

*Plaintiff-Appellant,*

*versus*

OFFICER MICHAEL DOHERTY,
In his Individual Capacity,
CAPTAIN KEVIN KNAPP,
In his Individual Capacity,

*Defendants-Appellees,*

TERRENCE EPPS,
In his Individual Capacity,

*Defendant.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03772-MLB

————————————

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Donovan Schilling sued Officer Michael Doherty and Captain Kevin Knapp under 42 U.S.C. section 1983, asserting unlawful seizure and malicious prosecution claims in violation of the Fourth Amendment and retaliation in violation of the First Amendment. He also sued for malicious prosecution under Georgia law. The district court granted summary judgment for the police officers. After careful review, we affirm.

## FACTUAL BACKGROUND

On September 23, 2020, Schilling gathered with a large group in Atlanta to protest a Kentucky grand jury's decision not to indict police officers in the wake of Breonna Taylor's death. Officer Doherty and Captain Knapp were among the law enforcement officers stationed at the protest. Officers instructed protestors multiple times to stay on the sidewalk and that they would be arrested if they stepped into the street. Despite these instructions, Schilling stepped into and walked in the street multiple times before his arrest. Cars traveled close by.

Captain Knapp saw Schilling in the street and grabbed him to arrest him. Officer Doherty assisted Captain Knapp and arrested Schilling. Officer Doherty charged Schilling with being a pedestrian in the roadway in violation of Georgia law. After his arrest, Schilling spent a night in jail but the charge was ultimately dropped.

**PROCEDURAL HISTORY**

Schilling sued the officers in their individual capacities under section 1983, asserting Fourth Amendment unlawful seizure and malicious prosecution and First Amendment retaliation claims against them.  He also sued both in their individual capacities for malicious prosecution under Georgia law.

The officers moved for summary judgment on all claims. They argued that the presence of probable cause was fatal, and there was probable cause to arrest Schilling, first for standing and walking in the street and then for resisting arrest.  They also argued that even if they lacked actual probable cause to arrest they were entitled to qualified immunity on the federal claims, and official immunity on the Georgia law claim.  And they contended that all claims against Captain Knapp should be dismissed since the amended complaint, which first named him, was filed outside of the statute of limitations and did not relate back to the original complaint.

The district court granted summary judgment for the officers.  It concluded that the presence of probable cause was fatal for all claims.  The district court explained that video evidence—along with Captain Knapp and Schilling's testimony—confirmed there was no genuine dispute of material fact that the officers had probable cause to believe that Schilling violated Georgia law when they arrested him.  Probable cause also defeated the retaliation claim, the district court ruled, since Schilling could not establish that retaliatory animus was the but-for cause of his injury.  And the district

court ruled the narrow exception contemplated in *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019), did not apply, reasoning that the exception requires "objective evidence" of a comparator, which Schilling did not provide. Because probable cause entitled the officers to summary judgment on all claims, the district court did not address whether the officers were entitled to qualified immunity and the statute-of-limitations issue.

Shilling appeals the summary judgment for the officers.

## STANDARD OF REVIEW

"We review de novo the district court's grant of summary judgment." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018). "Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (citation omitted). "[W]e review the evidence in the light most favorable to the . . . nonmoving party, and draw all justifiable inferences in [his] favor." *Id.* at 1097 n.1. "But in cases where a video in evidence obviously contradicts the nonmovant's version of the facts, we accept the video's [clear] depiction instead of the nonmovant's account[ ] and view the facts in the light depicted by the videotape." *Id.* at 1098 (alterations adopted) (citations omitted).

## DISCUSSION

### Fourth Amendment claims

Schilling first argues the district court erred in granting summary judgment for the officers on his unlawful seizure and

25-10321                Opinion of the Court                5

malicious prosecution claims because, in his view, the officers did not have probable cause to arrest him. We think not.

An "officer violates a person's Fourth Amendment right against unreasonable seizures if" he makes an arrest without probable cause. *Garcia v. Casey*, 75 F.4th 1176, 1186 (11th Cir. 2023). So too for malicious prosecution in violation of the Fourth Amendment. *See Prospero v. Sullivan*, 153 F.4th 1171, 1183, 1188 (11th Cir. 2025). "[P]robable cause exists whenever an officer reasonably believes that an offense is being committed." *Durruthy v. Pastor*, 351 F.3d 1080, 1090 (11th Cir. 2003). This is "not a high bar." *Scott v. City of Miami*, 139 F.4th 1267, 1273 (11th Cir. 2025) (citation omitted). It requires only a "probability or substantial chance" of criminal activity, not an "actual showing[.]" *Id.* (citation omitted).

Under Georgia law,

[w]here a sidewalk is provided, it shall be unlawful for any pedestrian to stand or stride along and upon an adjacent roadway unless there is no motor vehicle traveling within 1,000 feet of such pedestrian on such roadway or the available sidewalk presents an imminent threat of bodily injury to such pedestrian.

Ga. Code Ann. § 40-6-96.

Here, it was undisputed that Schilling stood (and strode) in the street alongside a usable sidewalk right before his arrest. And video evidence showed that cars traveled close to Schilling (well within 1,000 feet) at the exact time he is seen walking in the street.

Thus, the officers had probable cause to arrest him.  *See Durruthy*, 351 F.3d at 1090.

Georgia law, like federal law, requires a plaintiff to prove there was no probable cause for the underlying seizure in a malicious prosecution claim.  *See Thompson v. Clark*, 596 U.S. 36, 43 (2022); Ga. Code Ann. § 51-7-40 (malicious prosecution statute); *Wal-Mart Stores, Inc. v. Blackford*, 449 S.E.2d 293, 294 (1994).  So, the same analysis applies to Schilling's state law claim.

Schilling makes two arguments in response, but both are unavailing.  First, he argues that the district court relied on the wrong video for probable cause when it mistook a video taken by Schilling's friend for a video Schilling took himself.  The district court did confuse these two videos.  But it does not matter because there were other videos clearly showing Schilling walking in the street with cars nearby.  Second, Schilling complains that the district court improperly described the protest as "violent."  But even if it was disputed that the protest was violent, this was not a material fact for the unlawful seizure and malicious prosecution claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986).  The officers still had probable cause to arrest Schilling as a pedestrian-in-the-roadway even if the protest was not violent.

*First Amendment claim*

Next, Schilling argues the district court erred when it granted summary judgment for the officers on his First Amendment retaliation claim.  Not so.

To establish a First Amendment retaliation claim, Schilling "must show: (1) [he] engaged in constitutionally protected speech, such as [his] right to petition the government for redress; (2) the [officers'] retaliatory conduct adversely affected that protected speech and right to petition; and (3) a causal connection exists between the [officers'] retaliatory conduct and the adverse effect on [Schilling's] speech and right to petition." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019). In *Nieves*, the Supreme Court held that as a "general matter," the existence of probable cause to arrest bars a First Amendment retaliation claim premised on that arrest. 587 U.S. at 400–04; *see Prospero*, 153 F.4th at 1183, 1188. That would normally be the end of it because, as we explained above, there was probable cause for Schilling's arrest.

But Schilling tries to invoke one "narrow" exception to the general rule, which does not apply here. *Gonzalez v. Trevino*, 602 U.S. 653, 658 (2024). That exception, acknowledged in *Nieves*, accounts for "circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so." *Id.* The exception requires that the plaintiff "present[] objective evidence that [he] was arrested when people who had committed the same conduct, but who had not engaged in the same sort of protected speech, had not been arrested by that officer." *DeMartini*, 942 F.3d at 1306. The plaintiff does not need a "virtually identical and identifiable" comparator. *Gonzalez*, 602 U.S. at 658. But the evidence must be objective. *Id.* So Schilling's claim could have proceeded despite the existence of probable cause if he presented

objective evidence that he was arrested when similarly-situated people were not.

Schilling failed to produce objective evidence.  He argues that he was (1) "singled" out among other protestors, specifically for his comments that were critical of police, and (2) that he was treated differently than a "jaywalker" would be outside of a protest. But Schilling does not point to any objective evidence showing that he was arrested when other similarly situated individuals had not been.  He never provides any objective evidence, for example, that he was arrested when other protesters violating the pedestrian-in-the-street statute who did not engage in anti-police speech were not arrested.  Nor does he provide any objective evidence, for example, that people who violated that statute outside of a protest were never arrested.  *Cf. id.* (considering the provision of a survey showing "no one ha[d] ever been arrested for engaging" in the conduct the plaintiff was charged with to be "permissible" objective evidence).  That will not do.[1]

---

[1] Because there was no constitutional violation, we do not address the other issues raised by the parties on appeal—whether the officers were entitled to qualified immunity on the federal claims, and whether the amended complaint related back to the original complaint for purposes of the statute of limitations.  Nor do we address the issue of official immunity under Georgia law, which the parties did not raise on appeal.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014).

## CONCLUSION

Because "the existence of probable cause defeats [Schilling's] First and Fourth Amendment claims premised on [his] arrest," *Prospero*, 153 F.4th at 1188, the district court properly granted summary judgment on all counts.  We affirm.

**AFFIRMED**.